GEORGE F. MUELLER AND SONS, INC., Plaintiff-Appellant, *v.* ANGELO VOLPE *et al.*, Defendants-Appellees.

Second District   No. 77-573

Opinion filed August 14, 1979.

J. Edward Jones, of Blue Island, for appellant.

Thomas J. Burke, of Batavia, for appellees.

Mr. PRESIDING JUSTICE GUILD delivered the opinion of the court:

A default judgment was entered against defendants, Angelo Volpe and Roy W. Sears, on a suit brought by plaintiff, George F. Mueller & Sons, Inc., for the tortious interference with contractual relations. The trial court granted defendants' petitions to vacate under section 72 of the Civil Practice Act (Ill. Rev. Stat. 1977, ch. 110, par. 72), and plaintiff brings this appeal.

On May 4, 1975, plaintiff brought an action against Norma Larson, doing business as Larson's Tap, Inc., seeking injunctive relief for breach of contract. An order was entered on June 12, 1975, dismissing the

complaint and granting plaintiff "leave to file forthwith an amendment to the complaint demanding a remedy at law, or in the alternative to file an amended complaint for remedy at law on or before July 15, 1975 * * *." At no time was leave given to add additional parties defendant.

On July 15 plaintiff filed an amended, three-count complaint, joining as defendants "Anthony" Volpe and "Robert" Sears, doing business as "Fox Vending Company." Defendants' names are Angelo Volpe and Roy Sears. Neither party apparently had been associated with "Fox Vending Company" although both were officers and employees of a company entitled Fox Music and Amusement, Inc. Count I of the amended complaint repeated the allegations of breach of contract against Larson's Tap. Count II charged "Anthony" Volpe and "Robert" Sears with interfering with the contractual relation existing between plaintiff and Larson's Tap. Count III alleged that Volpe and Sears acted intentionally and maliciously. The complaint sought $17,394.64 in actual damages and $25,000 in punitive damages. Although summonses were also issued under the names "Anthony" and "Robert," defendants do not deny that they were actually served. When neither defendant entered an appearance, plaintiff obtained an order of default. A jury awarded damages of $20,000 and judgment was entered on the verdict on November 13, 1975. Defendants received no notice of plaintiff's intention to secure a default judgment or notice that a default judgment had in fact been entered. The record further shows that plaintiff made no attempt to enforce the judgment until February 19, 1976, by garnishment.

The trial court in the year 1977 granted Volpe and Sears' petition under section 72 of the Civil Practice Act (Ill. Rev. Stat. 1977, ch. 110, par. 72) and vacated the judgment and allowed Volpe and Sears to file their appearances, answer or otherwise plead.

■■ ■ While the defendants were personally served, the new parties Volpe and Sears were not added as parties defendant by order of the court. The service of summons upon them was therefore void. The judgment against them in the sum of $20,000 therefore was also void.

The Civil Practice Act (Ill. Rev. Stat. 1975, ch. 110, par. 26) provides:
> "No action shall be dismissed for misjoinder of parties, or dismissed for nonjoinder of necessary parties without first affording reasonable opportunity to add them as parties. New parties may be added and parties misjoined may be dropped *by order of the court*, at any stage of the cause, before or after judgment, as the ends of justice may require and on terms which the court may fix." (Emphasis added.)

Inasmuch as the statute is explicit in this regard, we find no recorded cases that determine the issue that additional parties may be added without so being authorized by the court.

■ For the orderly administration of legal proceedings, it is imperative that once a suit has commenced as to certain defendants, the plaintiff should not be allowed at his discretion to indiscriminately add such defendants as he might choose without the court's permission.

The vacation of the judgment against Angelo Volpe and Roy W. Sears is affirmed pursuant to Supreme Court Rule 366(a)(5) (Ill. Rev. Stat. 1977, ch. 110A, par. 366(a)(5)), authorizing this court to enter any order that ought to have been made and we dismiss that portion of the amended complaint as to purported defendants Angelo Volpe and Roy W. Sears.

Affirmed and cause dismissed as to Angelo Volpe and Roy W. Sears.

SEIDENFELD and LINDBERG, JJ., concur.