THE CITY OF AURORA, Plaintiff, *v.* JAMES GREEN *et al.*, Defendants and Third-Party Plaintiffs-Appellants (Jerry R. Murphy *et al.*, Third-Party Defendants-Appellees).

Second District   No. 2—83—0646

Opinion filed August 8, 1984.

Dreyer, Foote, Streit, Furgason & Slocum, P.A., of Aurora, for appellants.

Goldsmith, Thelin, Schiller & Dickson and Mark Heimsoth, both of Aurora, for appellees.

PRESIDING JUSTICE SEIDENFELD delivered the opinion of the court:

The third-party complaint filed by James Green and Ruthie Green against the third-party defendants, Jerry R. Murphy, Barbara S. Murphy, Jack L. Hake, d/b/a Hake Realty and Joyce Moore, was dismissed, and the third-party plaintiffs appeal. The Murphys have not appeared or filed a brief.

The third-party complaint alleged: At some time prior to 1972 the Murphys purchased the property in question (774 Liberty Street, Aurora, Illinois) from William P. Nickels and Marguerite Nickels. At that time the property was being used for a commercial use on the first floor and two residential units on the second floor. The commercial use was a legal nonconforming use in an R-4 two-family residential zoning classification. The Murphys thereafter, in violation of the zoning ordinance, and without approval of the city of Aurora, converted the premises to five residential units and subsequently listed the property with Hake, who advertised the property as a five-residential-unit building. The Murphys, Hake and his selling agent, Moore, represented to the Greens that the property was "properly zoned and capable of being used under the zoning ordinance for five residential units." The Greens relied on these advertisements and representations that the property could legally be used for five residential units and consequently purchased the property from the Murphys for $32,300. The Greens used the property for five residential units until 1981, when the city of Aurora filed a complaint against the Greens

for the zoning violation. The acts, doings and representations of the third-party defendants resulted in substantial damage to the Greens and, because they were wilful and intentional, the Greens should be awarded exemplary or punitive damages. The third-party defendants acted in violation of the Consumer Fraud and Deceptive Business Practices Act (Act) (Ill. Rev. Stat. 1979, ch. 121½, pars. 261 through 272). The complaint sought judgment for actual damages, punitive damages, legal fees, and expenses.

Each of the third-party defendants filed, together with supporting affidavits, a motion to dismiss the third-party complaint or, in the alternative, for judgment on the pleadings. In their motions, defendants maintained: (1) that the Greens could not rely on any alleged misrepresentations concerning zoning classifications since that is a matter of public record; (2) that the cause of action was brought in violation of the applicable statute of limitations; and (3) that the Consumer Fraud and Deceptive Business Practices Act is not applicable.

In their affidavits supporting their motions to dismiss, the third-party defendants state that at all times a map showing the current zoning classifications of all land in the city of Aurora was located in the city hall and open to inspection by the public, as was the Aurora zoning ordinance; that the zoning administrator would give information to the public upon request; and that James Green has been and is an employee of the city of Aurora.

In their affidavit in opposition to the motions to dismiss, the Greens state that under the provisions of a zoning ordinance adopted in 1957 the property became a legal nonconforming use; in 1971 the Murphys applied to the city for a building permit to re-side the property, which permit was granted; the city alleges that under the guise of the re-siding building permit the Murphys reconstructed a portion of the interior of the building to convert the commercial use to two or three apartments; with the Murphys' consent Hake advertised the property for sale in an Aurora newspaper as having a barber shop and five residential apartments; the Greens responded to the advertisement and were shown through the property by Moore, a salesperson for Hake; at no time did the Murphys, Hake or Moore advise the Greens that the property was not zoned for the existing use or that the property had been illegally converted; and that James Green is employed in the water and sewer department but has no contact with the city hall or the city zoning department. The affidavit also states that the zoning map designates the property as an R-4 two-family dwelling classification and that nonconforming uses are not shown on the city zoning map or in the city records available in 1971-1972 at

the time they purchased.[1]

# I

Preliminarily, we note that neither party has directly confronted the question whether the cause of action is based on a theory of common law fraud or upon the violation of the Act. In questioning at oral argument, the third-party plaintiffs, in response to the court's initiating the inquiry, now argue that the complaint is duplicitous as pleading more than one cause of action in one count contrary to the provisions of the Code of Civil Procedure. Ill. Rev. Stat. 1983, ch. 110, par. 2—603(b).

■ However, no motion to dismiss was filed in the trial court on that basis, and the argument is not made in the brief. From our analysis of the complaint we conclude that it states a single cause of action for violation of the Act, not for common law fraud. While certain of the allegations as to the wilful and intentional acts of the defendants appear to relate to common law fraud, the citing of the Act in the last paragraph of the allegations indicates reliance on that statute. The Act as of the time pertinent to this appeal does not require proof of intention but prohibits any deception or false promise without reference to intention,[2] and the allegation as to intention may be considered surplusage. See Ill. Rev. Stat. 1981, ch. 121½, par. 262; *People ex rel. Hartigan v. Maclean Hunter Publishing Corp.* (1983), 119 Ill. App. 3d 1049, 1058; *Duhl v. Nash Realty Inc.* (1981), 102 Ill. App. 3d 483, 495.

We conclude, however, that the representations upon which the Greens seek to rely are representations of law and, if they were not entitled to rely upon the representations, this would be equally fatal to a cause of action for common law fraud as to an action under the Act.

---

[1]Third-party defendants Hake and Moore filed motions to strike certain portions of the Greens' affidavit in opposition to the motion to dismiss. No ruling was made in the trial court on the motions to strike. In our review, we have considered only those facts to which the affiants could have testified. See *International Society for Krishna Consciousness, Inc. v. City of Evanston* (1977), 53 Ill. App. 3d 443, 454.

[2]A recent amendment to section 10b of the Act provides that the Act does not apply to "[t]he communication of any false, misleading or deceptive information provided by the seller of real estate located in Illinois, by a real estate salesman or broker *** *unless the salesman or broker knows of the false, misleading or deceptive character of such information.*" (Emphasis added.) (Ill. Rev. Stat. 1983, ch. 121½, par. 270b(4).) This provision became effective June 25, 1982, and, accordingly, does not apply to the instant case.

The Act, in effect at the time of the alleged discovery by the Greens of the claimed misrepresentation in the filing of their third-party complaint, has been held to apply to Illinois real estate transactions, contrary to one of the grounds stated in the motion to dismiss. See *Beard v. Gress* (1980), 90 Ill. App. 3d 622, 626-27.

The focus of the reviewing court's inquiry under the Act is the deceptive capacity of the statements at issue. (*People ex rel. Hartigan v. Maclean Hunter Publishing Corp.* (1983), 119 Ill. App. 3d 1049, 1058.) The representations must be shown, however, to be material and must relate to a matter upon which the plaintiff could be expected to reply. See *Shah v. Chicago Title & Trust Co.* (1983), 119 Ill. App. 3d 658, 660, 662-63; see also Ill. Rev. Stat. 1983, ch. 121½, par. 262.

As a general rule, one is not entitled to rely upon a representation of law since both parties are presumed to be equally capable of knowing and interpreting the law. (*Hamming v. Murphy* (1980), 83 Ill. App. 3d 1130, 1135.) In *Hamming*, the alleged fraudulent misrepresentation made to the plaintiff-buyer was that all zoning "red tape" had been taken care of so as to permit construction of apartments on the property. The trial court found that the plaintiff could not reasonably rely on any representation made concerning either the existing zoning laws or their application to the property. (83 Ill. App. 3d 1130, 1133.) This court agreed, concluding that "[t]he existing zoning of the property and the procedures under which a zoning ordinance could be modified, *** are a matter of public record available to both parties." (83 Ill. App. 3d 1130, 1135.) Accordingly, the plaintiff was charged with knowledge of the permitted uses of the property and could not recover from the defendant.

■ Applying the *Hamming* rationale, we conclude that the third-party complaint fails to state a cause of action.

The Greens attempt to distinguish *Hamming* on the basis that they, unlike the purchaser in *Hamming*, would not be able to ascertain the legal uses of their property by simply contacting the city officials. They submit that a simple telephone call to the city officials would have revealed only that the property was in an R-4 two-family dwelling district, and not whether the nonconforming use could be continued. We are not persuaded by this argument. The zoning map and the information available at the city hall would have revealed that the property was located in an R-4 district and would have shown that the five-unit apartment building was not a permitted use in an R-4 district. This information would have alerted the Greens to further inquiry and it is no defense to argue as they do that they would have

no access to information that the conversion was made without the permission of the city. The relevant point is that the inquiry would have alerted them to the fact that the use was apparently not permitted and at least that they should inquire further.

Relative to our disposition we have also considered a recent decision of this court which had not been published at the time of oral argument and has not been cited by the parties, *Kinsey v. Scott* (1984), 124 Ill. App. 3d 329.

In *Kinsey*, the defendant seller had property rezoned for construction of a four-unit apartment building and subsequently built, without a permit, a fifth apartment in the basement, contrary to the municipal building code. The seller represented that he was selling a five-unit apartment building and, when specifically asked whether the building complied with the building codes, he answered that there was nothing wrong with the building. This court concluded from these facts that the representation was one of fact rather than of law and that, accordingly, *Hamming v. Murphy* (1980), 83 Ill. App. 3d 1130, was distinguishable. We particularly noted that "there is nothing in the record to indicate that plaintiff herself might have discovered by the exercise of ordinary prudence that the basement apartment was not constructed according to the housing and building code." (*Kinsey v. Scott* (1984), 124 Ill. App. 3d 329, 338.) The opinion further noted that the defendant "did not make a misstatement representing a question of law but rather was vouching for the proper construction of all five units in his position as builder and owner." 124 Ill. App. 3d 329, 339.

We conclude that *Kinsey* is distinguishable on its facts and that we properly have before us a question of law involving zoning which is a matter of public record. As such the third-party plaintiffs could not reasonably rely on the representations concerning either the existing zoning laws or their application to the property. See *Hamming v. Murphy* (1980), 83 Ill. App. 3d 1130, 1135.

In the view we have taken, we do not reach the issue of whether the action was also barred by limitations under section 10a(e) of the Act (Ill. Rev. Stat. 1983, ch. 121½, par. 270a(e)).

The judgment of the circuit court of Kane County is affirmed.

Affirmed.

LINDBERG and HOPF, JJ., concur.