CALLAGHAN PAVING, INC., Plaintiff-Appellant, v. KEENEYVILLE CONSTRUCTION COMPANY, INC., *et al.*, Defendants (United States Fidelity and Guaranty Company, Defendant-Appellee).

First District (6th Division) Nos. 1—88—2932, 1—88—3628 cons.

Opinion filed April 27, 1990.

Burke, Wilson & McIlvaine, of Chicago (Stephen C. Voris, of counsel), for appellant.

Hinshaw, Culbertson, Moelmann, Hoban & Fuller, of Chicago (Lawrence R. Moelmann, Nancy G. Lischer, and John E. Partelow, of counsel), for appellee.

JUSTICE RAKOWSKI delivered the opinion of the court:

Plaintiff appeals from an order entered by the circuit court of Cook County dismissing its amended complaint pursuant to section 2—619 of the Code of Civil Procedure (Ill. Rev. Stat. 1985, ch. 110, par. 2—619), and the denial of its motion for reconsideration. The issue presented on appeal is whether the trial court's dismissal of plaintiff's amended complaint and the denial of plaintiff's motion for recon-

sideration were reversible error. We affirm on other grounds.

On September 30, 1983, plaintiff entered into a written subcontract with a general contractor, Keeneyville Construction Co., Inc. (Keeneyville), to provide labor and material for the repaving of Ohio Street in Chicago, which was part of a City of Chicago Department of Public Works project.

Work began on or around May 2, 1983, but plaintiff's paving work was not performed until the latter stages of the project. Plaintiff states that October 27, 1983, was initially believed to be the last day that work was performed or materials were delivered. Invoices were submitted to Keeneyville for a total sum of $137,749.50, but plaintiff only received $45,000, leaving a balance due of $92,449.50. Plaintiff's attempts to collect the remaining amount were unsuccessful, and on November 2, 1984, plaintiff filed a notice of a claim for a lien upon the public funds designated for the project pursuant to section 23(b) of the Mechanics' Liens Act (Ill. Rev. Stat. 1983, ch. 82, par. 23(b)). On January 31, 1985, plaintiff filed a complaint against Keeneyville and the city for an accounting.

On May 20, 1985, which was approximately 19 months after the time that plaintiff thought it had finished its work, the city called a meeting to discuss work still remaining on the project. One of the items discussed was work performed by Commonwealth Edison on its sub-sidewalk electrical vaults along Ohio Street. According to plaintiff's brief, the city insisted that plaintiff return to the project and perform the work necessary to alleviate the drainage problem or it would not be paid the remaining money that plaintiff claimed it was still owed on the project. On October 11 and 12, 1985, plaintiff performed the work necessary to correct the drainage problem, which included the excavation of approximately 300 square feet of paving that plaintiff had previously installed in 1983 and the installation of four new tons of surface asphalt to regrade the area.

When plaintiff had still not been paid by February 4, 1986, it filed a verified notice of claim upon the performance bond issued by United States Fidelity & Guaranty Co. (USF&G), for the project pursuant to section 2 of the contracts for public works act (Ill. Rev. Stat. 1985, ch. 29, par. 16). On March 12, 1986, plaintiff filed its first amended complaint in which it added USF&G as a defendant and sought to foreclose upon its bond claim in count I of the complaint. Plaintiff had been granted leave of court to amend its complaint against the city, but the record does not contain any evidence that leave of court was ever obtained to add USF&G as a party. Plaintiff's cause of action against Keeneyville and the city was subsequently resolved, and they

are not parties to this appeal. USF&G then filed a motion to dismiss count I under section 2—619 of the Code of Civil Procedure (Ill. Rev. Stat. 1985, ch. 110, par. 2—619). In its motion, USF&G claimed that plaintiff lost its bond claim rights because it had failed to file its claim "within 180 days after the date of the last item of work or the furnishing of the last item of materials." (Ill. Rev. Stat. 1985, ch. 92, par. 16.) USF&G claimed that the last day that plaintiff performed work or furnished materials was October 27, 1983, rather than October 11 and 12, 1985, as plaintiff alleges in its first amended complaint. On August 30, 1988, the trial court granted USF&G's motion. Plaintiff then filed a motion to reconsider. Shortly thereafter, plaintiff filed a notice of appeal but did not pursue the appeal at this time. The trial court subsequently denied plaintiff's motion to reconsider, and plaintiff filed a second notice of appeal. The prior appeal was consolidated with this appeal.

USF&G raises the issue for the first time on appeal that plaintiff's claim against it is a nullity, and that this court does not have jurisdiction to address the merits of this appeal. It is undisputed that plaintiff initially filed a complaint against Keeneyville and the City of Chicago on January 31, 1985. Plaintiff subsequently filed a motion and was granted leave to amend its complaint against the city on or before February 21, 1986. However, plaintiff did not file its amended complaint until March 12, 1986, and at that time plaintiff included USF&G as a defendant. Therefore, while it is true that plaintiff requested and received leave of court to file its amended complaint against the city, plaintiff did not request or receive leave to add USF&G as a party.

■ A plaintiff can only amend a complaint to add a claim against a new party with leave of court. (*Petrella v. Leisky* (1981), 92 Ill. App. 3d 880, 881-82, 417 N.E.2d 134, 136; *George F. Mueller & Sons, Inc. v. Volpe* (1979), 74 Ill. App. 3d 879, 880-81, 394 N.E.2d 51, 52.) An amended complaint adding additional parties filed without leave of court is a nullity. *Allen v. Archer Daniels Midland Co.* (1985), 129 Ill. App. 3d 783, 786, 473 N.E.2d 137, 139; *Torley v. Foster G. McGaw Hospital* (1983), 116 Ill. App. 3d 19, 23, 452 N.E.2d 7, 10.

The main argument raised by plaintiff is that USF&G waived this issue not only by its failure to raise the issue before the trial court, but also because it was served, appeared and participated in the litigation for more than two years. However, the cases cited by plaintiff in support of its waiver argument refer to the waiver of defects in the form or substance of a complaint. (See *Zelinski v. Security Lumber Co.* (1985), 133 Ill. App. 3d 927, 479 N.E.2d 1091; *Walter E. Heller &*

*Co. v. Convalescent Home of the First Church of Deliverance* (1977), 49 Ill. App. 3d 213, 365 N.E.2d 1285.) Plaintiff does not cite any authority which supports the position that an objection to an amendment adding a party without leave of the court can be waived.

■ Unlike errors in pleadings which can be waived, a pleading filed without leave of court must be disregarded on review. (*Midwest Bank & Trust Co. v. Village of Lakewood* (1983), 113 Ill. App. 3d 962, 968, 447 N.E.2d 1358, 1362.) Because the error is jurisdictional, the issue can be raised by a reviewing court *sua sponte*, and it is not waived if a party fails to raise it in the court below. *Torley*, 116 Ill. App. 3d at 23, 452 N.E.2d at 10; *Village of Lakewood*, 113 Ill. App. 3d at 967-68, 447 N.E.2d at 1361.

Plaintiff also argues that *Torley* should not be used for the proposition that USF&G can raise the issue of jurisdiction for the first time on appeal because the decision in *Torley* was based on former section 21.1 of the Civil Practice Act (Ill. Rev. Stat. 1981, ch. 110, par. 21.1), now section 2—402 of the Code of Civil Procedure (Ill. Rev. Stat. 1981, ch. 110, par. 2—402), as opposed to former section 26 of the Civil Practice Act (Ill. Rev. Stat. 1981, ch. 110, par. 26), now section 2—407 of the Code of Civil Procedure (Ill. Rev. Stat. 1981, ch. 110, par. 2—407). However, the *Torley* court addressed this question and held that the principle was the same under either statute and that a complaint could not be amended to add an additional party without leave of court. *Torley*, 116 Ill. App. 3d at 22-23, 452 N.E.2d at 9-10.

■ We conclude that plaintiff's amendment to its complaint adding United States Fidelity & Guaranty Co. as a defendant without leave of court was a nullity, and it must be disregarded on review. For this reason, we are unable to address the remaining issue of this appeal.

Accordingly, the order of the circuit court is affirmed.

Affirmed.

McNAMARA and CERDA, JJ., concur.