GUY M. STICHAUF, Plaintiff-Appellant, v. CERMAK ROAD REALTY *et al.*, Defendants-Appellees (Richard C. Martin, Defendant).

First District (5th Division) No. 1—89—3160

Opinion filed October 23, 1992.

558

Lundblad, Baker & Martier, of Chicago (Ruth Enright and Robert Baker, of counsel), for appellant.

James C. Zitzer, of Berwyn, for appellees Richard C. Suwanski and Diane M. Suwanski.

Dennis E. Both, Town Attorney, of Cicero, and Jenner & Block, of Chicago (Joseph G. Bisceglia and Robert P. Zapinski, of counsel), for appellee Town of Cicero.

Hinshaw, Culbertson, Moelmann, Hoban & Fuller, of Chicago (Kevin Sido and Nancy Lischer, of counsel), for other appellees.

JUSTICE GORDON delivered the opinion of the court:

This is an appeal from an action for fraudulent misrepresentation arising from the purchase in 1983 of property at 3019 South 49th Avenue in Cicero, Illinois, by plaintiff Guy M. Stichauf. He bought the property, which was listed for sale by defendant Cermak Road Realty, from defendants Richard C. and Diane M. Suwanski. Plaintiff was represented in the transaction by defendant attorney Richard C. Martin. (Martin is not a party to this appeal.) Plaintiff appeals from the dismissal, pursuant to section 2—615 of the Code of Civil Procedure (Ill. Rev. Stat. 1989, ch. 110, par. 2—615), of three counts of his six-count second amended complaint, the dismissal of two third-amended counts, and the court's denial of leave to amend. For the reasons set forth below, we affirm in part and dismiss in part.

FACTS

The property at issue here, 3019 South 49th Avenue in Cicero, consists of two two-flat buildings on a single lot. In 1977, the Town of Cicero adopted a zoning ordinance which provided "not more than one principal detached building shall be located on a lot." (Cicero, Ill., Zoning Ordinance §2(c) (1977).) The ordinance also apparently required the abatement of nonconforming buildings no later than July 1, 1980. Cicero, Ill., Zoning Ordinance §2(l)(9) (1977).

When plaintiff purchased the property in 1983, the Town of Cicero issued a certificate of compliance which stated that the "building at 3019 South 49th Avenue—2 Buildings—4 Apts." had been inspected and found "to comply with the Building, Zoning and minimum Housing Codes of the Town of Cicero." A similar certificate had been issued by the town in 1981 when the Suwanskis bought the property from its previous owners.

In 1986, plaintiff decided to sell the property and contacted Cermak Road Realty, which had previously acted as broker for the Suwanskis, from whom plaintiff had bought the property. He asked Cermak Road Realty to act as his broker in selling the property. He was told by one of its employees that it could not assist him in the sale since the property did not comply with the Cicero zoning ordinance. His application to the town for a variance to allow both buildings to remain was denied, and he contends that his property is therefore unsaleable. This action ensued.

Plaintiff's original complaint was filed on December 22, 1986, and consisted of three counts. It named as defendants Cermak Road Realty, attorney Richard Martin and the Suwanskis. Essentially, the complaint sought money damages from Cermak Road Realty and from the Suwanskis for their failure to inform the plaintiff, in 1983 when he bought the property, of the zoning ordinance restricting the number of detached buildings on a single lot and its effect on the property. The count directed against Martin alleged legal malpractice.

On April 2, 1987, by agreed order, the court granted Cermak Road Realty's motion to strike count I against it for failure to state a cause of action, and gave plaintiff 28 days in which to file an amended complaint at law.

On April 8, 1987, plaintiff filed a five-count amended complaint. In addition to the defendants in the original complaint, plaintiff added Emil Knafl, Robert Fiore, and Nicholas Alonzo, who were employed by Cermak Road Realty, and the Town of Cicero as defendants in this complaint.

On September 14, 1988, the court granted the Cermak defendants' motion to strike counts I and II of the amended complaint, and gave plaintiff leave to file a second amended complaint, which was filed on November 16, 1988.

Plaintiff's second amended complaint consisted of six counts. Count I was directed against Cermak Road Realty, Knafl, Fiore and Alonzo (hereinafter the Cermak defendants), and alleged that the defendants, in violation of the Consumer Fraud and Deceptive Business Practices Act (Consumer Fraud Act) (Ill. Rev. Stat. 1981, ch.

121½, par. 261 *et seq.*), had fraudulently misrepresented the fact that the property at 3019 South 49th Avenue consisted of "two buildings for the price of one" in 1983 when he purchased the property from the Suwanskis. Plaintiff alleged that the Cermak defendants knew that the two two-flats on the single lot did not in fact present such an opportunity, since the two buildings could not be left standing and one building would have to be demolished. Plaintiff alleged that the statement was made to induce him to purchase the property, and that he reasonably relied on the representation by the defendants to his financial detriment, including the cost of demolition of one building and the time and money expended in remodeling the demolished building.

Count II was also directed against the Cermak defendants and contained essentially the same allegations as count I, except that count II alleged common law fraudulent misrepresentation rather than violation of the Consumer Fraud Act.

Count III named plaintiff's attorney Richard Martin as defendant and alleged legal malpractice and breach of fiduciary duty. This count remains pending in the trial court.

In counts IV and V, the Suwanskis were named as defendants. Count IV sought to hold the Suwanskis liable as principals for the misrepresentations allegedly made by the Cermak defendants acting as their broker agents. In count V, plaintiff alleged that the Suwanskis breached their contract with him by failing to convey marketable title.

Count VI was directed against the Town of Cicero and alleged that the town owed a duty of due care to the plaintiff in its inspection of the property to ascertain compliance with the zoning ordinances. It further alleged that the town fraudulently, intentionally and with a reckless disregard for the truth breached that duty when it issued certificates of compliance, which stated that the property complied with the zoning codes of the town, in May of 1981 and July of 1983. Those certificates, according to plaintiff, constituted misrepresentations of material facts, upon which he reasonably relied, and as a result thereof, sustained pecuniary damages.

At a hearing held May 24, 1989, the court granted the Cermak defendants' motion to strike and dismiss counts I and II of the second amended complaint with prejudice. On June 19, 1989, the court entered an order finding there to be no just reason to delay enforcement or appeal of the May 24, 1989, order.

On June 1, 1989, there was a hearing on the Suwanskis' motion to dismiss counts IV and V of the second amended complaint. The court granted the motion, but gave plaintiff 28 days to file third amended

counts IV and V. In an order dated June 13, 1989, the court also dismissed, with prejudice, count VI against the Town of Cicero, and included appropriate Rule 304(a) language. 134 Ill. 2d R. 304(a).

The Suwanskis filed a motion asking the court to reconsider its June 1 ruling that allowed plaintiff leave to file third amended counts IV and V, but prior to a hearing on that motion, plaintiff filed the amended counts.

The third amended count IV alleged that the Suwanskis were liable for three misrepresentations made by their agents, the Cermak defendants. The alleged misrepresentations were that the property represented "two buildings for the price of one"; that the plaintiff could live in one apartment and rent out the other three; and that the property complied with all applicable ordinances. Count V alleged that the Suwanskis had breached their contract with the plaintiff by failing to deliver marketable title.

Plaintiff filed a motion for reconsideration on July 11, 1989, seeking to vacate the order of June 13, 1989, dismissing his claim against the Town of Cicero under count VI, and for leave to file an amended count VI. On July 19, 1989, plaintiff filed another motion for reconsideration, this one seeking vacation of the order of June 19, 1989, making final and appealable the dismissal of counts I and II against the Cermak defendants, and sought leave to amend those counts.

On October 20, 1989, the trial court denied all motions for reconsideration and further ordered that counts IV and V of the third amended complaint were dismissed with prejudice, leaving all counts other than count III against Martin dismissed with prejudice. Plaintiff filed a notice of appeal on November 17, 1989.

OPINION

Prior to considering the issues raised by plaintiff on appeal, we must first address two motions which were taken with the case. The Cermak defendants have moved to dismiss this appeal as it pertains to them and counts I and II of the second amended complaint for lack of jurisdiction. These defendants contend that plaintiff failed to file a notice of appeal within 30 days of the entry of a final judgment as required by Supreme Court Rule 303(a)(1). (134 Ill. 2d R. 303(a)(1).) The defendants assert that plaintiff's motion for reconsideration was not a proper post-trial motion and did not extend the time for filing a notice of appeal. Alternatively, the individual Cermak defendants (Knafl, Fiore, and Alonzo) contend that this court lacks jurisdiction over them because they were added as defendants through an amend-

ment filed without leave of court. The Town of Cicero has joined in the motion to dismiss on this alternative ground.

■ We first address the Cermak defendants' contention that plaintiff's motion for reconsideration did not extend the time for filing a notice of appeal. Rule 303(a)(1) provides that "if a timely post-trial motion directed against the judgment" is filed, the notice of appeal must be filed within 30 days of the entry of the order disposing of that motion. (134 Ill. 2d R. 303(a)(1).) A post-trial motion "directed against the judgment" sufficient to extend the time for filing a notice of appeal is one which seeks rehearing, retrial, modification or vacation of the judgment or "other relief" similar in nature. (*Fultz v. Haugen* (1971), 49 Ill. 2d 131, 135-36, 305 N.E.2d 873.) "A motion for leave to file an amended complaint is not encompassed with such 'other relief' nor, as stated in Rule 303(a), is it a motion 'directed against the judgment.' " (*Fultz v. Haugan*, 49 Ill. 2d at 136.) As a result, a motion for leave to amend does not extend the time for filing the notice of appeal under Rule 303(a)(1). *Andersen v. Resource Economics Corp.* (1990), 133 Ill. 2d 342, 347, 549 N.E.2d 1262 ("a motion for leave to amend a complaint, after dismissal with prejudice, does not extend the time for appeal or the time for filing other motions").

The order dismissing counts I and II of the second amended complaint is dated May 24, 1989, and was made appealable by an order dated June 19, 1989. Plaintiff filed his "Motion for Reconsideration" on July 19, 1989. Plaintiff contends that this motion constitutes a timely post-trial motion sufficient to extend the time for filing an appeal since it specifically requested that the order dismissing his complaint be vacated. We cannot agree. On its face, the motion appears to seek vacation of the order dismissing counts I and II against the Cermak defendants, and also leave to amend. However, a careful review of this motion reveals that it really seeks only leave to amend. The entire motion is directed towards the court's rulings denying plaintiff's motions to amend. The motion states that plaintiff "strongly believes that it is capable of amending its complaint to state a cause of action." The motion does not point to any error by the trial court in its ruling on the merits of defendants' motion. Nor does it raise any new facts or matters which were not before the trial court when it made its ruling which arguably could have altered the result had the court been aware of such facts. Consequently, this motion did not toll the time for filing a notice of appeal (*Andersen v. Resource Economics Corp.*), and plaintiff's notice of appeal from the order dismissing counts I and II, which was not filed until November 17, 1989, was

untimely. Therefore we must dismiss the appeal against the Cermak defendants due to lack of jurisdiction.

■■ As to the Town of Cicero, we grant its motion for dismissal of the appeal against it on the alternative basis, *i.e.*, the addition of defendants without leave of court. We also note that this ground for dismissal would be applicable to the individual Cermak defendants joined in counts I and II, and although we have determined above that the appeal against them should be dismissed for failure to file a timely notice of appeal, we would also dismiss the appeal against them on this basis.

A party may amend a complaint to add a claim against a new party only with leave of court. (*Callaghan Paving, Inc. v. Kenneyville Construction Co.* (1990), 197 Ill. App. 3d 937, 939, 557 N.E.2d 228.) An amended complaint, adding additional parties, filed without leave of court is a nullity. (*Allen v. Archer Daniels Midland Co.* (1985), 129 Ill. App. 3d 783, 786, 473 N.E.2d 137, citing *Torley v. Foster G. McGaw Hospital* (1983), 116 Ill. App. 3d 19, 452 N.E.2d 7; *Petrella v. Leisky* (1981), 92 Ill. App. 3d 880, 417 N.E.2d 134; see also *George F. Mueller & Sons, Inc. v. Volpe* (1979), 74 Ill. App. 3d 879, 394 N.E.2d 51.) A court does not have jurisdiction over a party where leave is not granted to amend the complaint to add that party. *Petrella v. Leisky*, 92 Ill. App. 3d at 881-82.

The agreed order here which granted plaintiff leave to file his first amended complaint was entered in response to Cermak Road Realty's motion to dismiss for failure to state a cause of action, and ordered that "plaintiff shall be given twenty-eight days *** in which to file an Amended Complaint at Law in this matter." Plaintiff would construe this order as granting "unrestricted leave to amend," and urge that it included leave to add the new defendants as well as to amend his cause of action. We disagree.

The case of *Callaghan Paving v. Kenneyville Construction Co.* (197 Ill. App. 3d 937, 557 N.E.2d 228) is on point. There plaintiff filed his original complaint against Kenneyville Construction and the City of Chicago. Plaintiff was granted leave to amend its complaint against the city, but there was no evidence that leave had been obtained to add an additional defendant, USF&G. USF&G filed a motion to dismiss the count against it under section 2—619 (Ill. Rev. Stat. 1985, ch. 110, par. 2—619), for failure to comply with the statutory filing requirements for foreclosure of bond claims. The motion was granted. On appeal, USF&G raised for the first time the issue that the amended complaint adding it as a defendant was filed without leave. The court noted that although the plaintiff had received leave of court

to file its amended complaint against the city, it neither requested nor received leave to add the additional defendant. As a result, the court concluded, the amended complaint was a nullity as to USF&G, and as such must be disregarded on review. (*Callaghan Paving v. Kenneyville Construction Co.*, 197 Ill. App. 3d at 939.) Similarly, in *George F. Mueller & Sons, Inc. v. Volpe* (74 Ill. App. 3d at 880), the court held that an order granting "leave to file forthwith an amendment to the complaint demanding a remedy at law, or in the alternative to file an amended complaint for remedy at law," entered in response to the original defendant's motion to dismiss the complaint, was held not to allow the addition of other defendants. See also *McGinnis v. A.R. Abrams, Inc.* (1986), 141 Ill. App. 3d 417, 421, 490 N.E.2d 115 (leave to add additional defendants cannot be implied).

Here, plaintiff obtained leave to file its amended complaint against Cermak Road Realty. The agreed order granting plaintiff leave to amend was entered in response to Cermak Road Realty's motion to dismiss for failure to state a cause of action. There is nothing in the record to indicate that plaintiff either requested or received leave to add the Town of Cicero or the individual Cermak defendants as parties. The record contains no motion by plaintiff seeking leave to add additional defendants, nor does the plaintiff contend that such a request was ever made. There is no order which explicitly grants plaintiff leave to add the additional defendants. There is only an agreed order entered in response to one party's motion to dismiss. Accordingly, under *Callaghan Paving*, the amended complaint is a nullity as to the Town of Cicero and the individual Cermak defendants and must be disregarded on review.

Plaintiff, however, urges that the court's granting of leave to file the second amended complaint, after the additional defendants had been added in the first amended complaint, constitutes leave to name these parties as defendants. He argues that these defendants' failure to object to the granting of leave to file the second amended complaint should be interpreted as waiver of any jurisdictional argument, citing for support *McGinnis v. A.R. Abrams, Inc.* (141 Ill. App. 3d 417, 490 N.E.2d 115). In that case, however, the court did not discuss or decide whether any such waiver had in fact occurred because of plaintiff's failure to raise the issue.

The case of *Callaghan Paving*, discussed above, did address the waiver argument. There USF&G failed to raise in the trial court the issue of lack of jurisdiction based on an amendment filed without leave of court. In addition, the defendant "was served, appeared and participated in the litigation for more than two years." (197 Ill. App.

3d at 939.) Notwithstanding these actions by the defendant, the court refused to find that they constituted a waiver, holding that because the issue was jurisdictional, it could be raised at any time. (197 Ill. App. 3d at 940.) The court also noted that plaintiff had cited no authority supporting the position that an objection to an amendment adding a party without leave of court could be waived.

Although it is true that the court did grant leave to file a second amended complaint after the additional defendants had been added, a factor not present in *Callaghan Paving*, this fact does not alter our conclusion that these defendants were joined improperly. The court did not have jurisdiction over these defendants when the first amended complaint was filed without leave to add additional parties. The order granting leave to file the second amended complaint, like the one granting leave to file the first amended complaint, was entered in connection with the Cermak defendants' motion to dismiss. This order, like the first one, makes no reference to the additional defendants. As a result, this order cannot be construed as granting leave to add the additional defendants any more than could the first. The second order granting leave to amend suffers from the same infirmity as the first.

■■ Having dismissed this appeal as to the Cermak defendants and the Town of Cicero, we are left with the appeal only as it relates to the counts against the Suwanskis. Plaintiff's notice of appeal indicates that he is appealing from the dismissal of the third amended counts IV and V. However, plaintiff has not made any argument or reference to count V, which alleged breach of contract by failure to deliver marketable title, either in his brief or oral argument before this court. We therefore presume that he has abandoned his appeal as to the dismissal of count V, and we will apply the well-established rule that points not argued in an appellate brief are waived. 134 Ill. 2d R. 341(e)(7); see also *Kelman v. University of Chicago* (1988), 166 Ill. App. 3d 137, 519 N.E.2d 708.

In the third amended count IV, plaintiff sought to hold the Suwanskis liable as principals for fraudulent misrepresentations made by their agents, the Cermak defendants. There were three alleged misrepresentations. The first was the statement in the listing for the property that it represented "two Buildings for the price of one." The second misrepresentation was that the plaintiff could live in one of the four units on the property and make his mortgage payment from the rent he received on the other three units. Finally, plaintiff alleged misrepresentation in the statement by the realtors that the property complied with the Cicero zoning ordinances.

■ The elements of a cause of action for fraudulent misrepresentation are: (1) false statement of a material fact; (2) known to be false by the party making it; (3) an intent to induce the other party to act; (4) action by the other party in reasonable reliance on the statement; and (5) damage to the other party resulting from such reliance. *Kinsey v. Scott* (1984), 124 Ill. App. 3d 329, 335, 463 N.E.2d 1359, citing *Soules v. General Motors Corp.* (1980), 79 Ill. 2d 282, 402 N.E.2d 599.

The parties agree that, as a general rule, one is not entitled to rely upon a representation of law because both parties are presumed to be equally capable of knowing and interpreting the law. (*Kinsey v. Scott*, 124 Ill. App. 3d 329, 463 N.E.2d 1359; *Hamming v. Murphy* (1980), 83 Ill. App. 3d 1130, 404 N.E.2d 1026.) The dispute here revolves around the question of whether the representations were ones of law or fact.

Plaintiff cites *Kinsey v. Scott, Perkins v. Collette* (1989), 179 Ill. App. 3d 852, 534 N.E.2d 1312, and *Tan v. Boyke* (1987), 156 Ill. App. 3d 49, 508 N.E.2d 390, all cases in which the courts held that statements regarding conformity with zoning regulations were statements of fact rather than of law, capable of supporting an action for fraudulent misrepresentation. In *Kinsey*, the defendant seller told the plaintiff buyer that the building in question was a five-unit apartment building, when, in fact, the defendant had obtained a building permit for construction of a four-unit building, and had built the fifth unit, a basement apartment, in violation of the permit. The building's status turned on statements the defendant had made to the city in obtaining his permit. In *Perkins*, the defendant himself had been denied a building permit for a lot, but told the plaintiffs that they would have no trouble obtaining a building permit. In *Tan*, the violation of the zoning ordinance arose due to misinformation regarding lot size which the defendant had supplied to the city in obtaining its building permit. The only way the violation would have been discovered was through a review of the plat of survey and a calculation of the building's unit densities and comparison with the ordinance.

Defendants cite *City of Aurora v. Green* (1984), 126 Ill. App. 3d 684, 467 N.E.2d 610, *O'Brien v. Noble* (1982), 106 Ill. App. 3d 126, 435 N.E.2d 554, and *Hamming v. Murphy* (83 Ill. App. 3d 1130, 404 N.E.2d 1026), where the courts found that the plaintiffs were not entitled to rely on defendants' representations regarding the property's compliance with zoning ordinances. In *City of Aurora*, the court found that a review of a zoning map and information available at city hall would have alerted the plaintiff to the fact that the property it purchased was in a R-4 district and that the five-unit apartment building was not a permitted use in such a district. In *O'Brien*, the court held that whether there

was sufficient frontage on the property to allow building a house was a matter of public record and, as a result, readily available to the plaintiff. In *Hamming*, the court held that a representation of the permitted uses of the property under applicable zoning ordinances was a representation of law upon which plaintiff was not entitled to rely.

The court in *Perkins* reconciled the above cases by noting that "[t]he primary factor which distinguishes *Hamming*, *O'Brien* and *City of Aurora* from *Kinsey* and *Tan* is whether the seller's misrepresentations could have been discovered merely by reviewing applicable zoning or building ordinances." (*Perkins v. Collette*, 179 Ill. App. 3d at 859.) In *Kinsey* and *Tan*, the courts had found that the defendants' misrepresentations were not discoverable by the exercise of ordinary prudence, but in *Kinsey* involved facts known only to the defendant, and in *Tan* involved a complicated analysis of the plat of survey and of the ordinances. As stated in *O'Brien* (106 Ill. App. 3d at 130), "liability will be found when the defendant misrepresents facts of which he possesses almost exclusive knowledge and the truth or falsity of which are not readily ascertainable by the plaintiff."

■ Here, the zoning ordinance involved is a matter of public record. It clearly and unequivocally states that no more than one principal detached building shall be located on a lot. The fact that there are two buildings on the lot is also readily apparent. No facts in the exclusive possession of the defendant, or not readily ascertainable by the plaintiff, have been alleged. Even a cursory review of the Cicero zoning ordinance would have put the plaintiff on notice that the property may have been in violation of the ordinance. As a result, we find that the representations of which plaintiff complains do not constitute false statements of material fact sufficient to support an action for fraudulent misrepresentation, and that the trial court was correct in dismissing count IV against the Suwanskis.

It should be noted that this same analysis and conclusion would be equally applicable to the Cermak defendants under counts I and II had they not been dismissed from this appeal on procedural grounds.

In summary, plaintiff's appeal from the orders of the trial court dismissing counts I, II and VI of plaintiff's second amended complaint is dismissed, and the order dismissing the third amended counts IV and V is affirmed.

Affirmed in part; dismissed in part.

McNULTY, P.J., and MURRAY, J., concur.