# ILLINOIS OFFICIAL REPORTS

## Appellate Court

*Olson v. Hunter's Point Homes, LLC*, 2012 IL App (5th) 100506

| | |
|---|---|
| Appellate Court Caption | JOSHUA C. OLSON and LYDIA K. OLSON, Plaintiffs-Appellants, v. HUNTER'S POINT HOMES, LLC, TLC CONSTRUCTION OF O'FALLON, LTD., JAMES D. HETTLER, JASON C. COLEMAN, J. COLEMAN ENTERPRISES, INC., AMY SUJANANI, and CENTURY 21 BAILEY & CO., Defendants-Appellees.–ELTON DINTELMAN and BEVERLY DINTELMAN, Plaintiffs-Appellants, v. HUNTER'S POINT HOMES, LLC, TLC CONSTRUCTION OF O'FALLON, LTD., JAMES D. HETTLER, and JASON C. COLEMAN, Defendants-Appellees.–BERYL L. FORESHEE, JR., and DOROTHY M. FORESHEE, Plaintiffs-Appellants, v. HUNTER'S POINT HOMES, LLC, TLC CONSTRUCTION OF O'FALLON, LTD., JAMES D. HETTLER, JASON C. COLEMAN, J. COLEMAN ENTERPRISES, INC., TINA ZIEGLER, DIANA NANEY, and CENTURY 21 BAILEY & CO., Defendants-Appellees.–KELLY R. BLAKELY, Plaintiff-Appellant, v. HUNTER'S POINT HOMES, LLC, TLC CONSTRUCTION OF O'FALLON, LTD., JAMES D. HETTLER, JASON C. COLEMAN, J. COLEMAN ENTERPRISES, INC., TINA BESSERMAN, and CENTURY 21 BAILEY & CO., Defendants-Appellees.–DANIEL J. LUSICIC, JR., Plaintiff-Appellant, v. HUNTER'S POINT HOMES, LLC, TLC CONSTRUCTION OF O'FALLON, LTD., JAMES D. HETTLER, JASON C. COLEMAN, J. COLEMAN ENTERPRISES, INC., DIANA NANEY, and CENTURY 21 BAILEY& CO., Defendants-Appellees. |
| District & No. | Fifth District<br>Docket Nos. 5-10-0506, 5-10-0507, 5-10-0508, 5-10-0509, 5-10-0510 cons. |

Rule 23 Order filed     November 28, 2011
Motion to publish
granted     January 4, 2012
Opinion filed     January 4, 2012

Held     In consolidated actions arising from plaintiffs' purchase of residential lots
(*Note: This syllabus*     on which structures were allegedly built in violation of applicable laws,
*constitutes no part of*     codes and easements, the trial court's dismissal of all of plaintiffs' claims
*the opinion of the court*     on the basis of the *Moorman* doctrine was affirmed in part and reversed
*but has been prepared*     in part, since the counts alleging common law fraud and a violation of the
*by the Reporter of*     Consumer Fraud Act contained allegations of intentional
*Decisions for the*     misrepresentation that were not subject to the *Moorman* doctrine, the
*convenience of the*     doctrine did not apply to the counts alleging promissory estoppel, and the
*reader.*)     doctrine did not bar the counts against the broker defendants who could
be said to be in the business of supplying information to others in their
business transactions and could therefore be held liable for negligent
representation, but the counts alleging negligent misrepresentation on the
part of the sellers were properly dismissed.

Decision Under     Appeal from the Circuit Court of Madison County, Nos. 07-CH-1014, 07-
Review     CH-922, 07-CH-1117, 07-CH-992, 07-CH-921 cons.; the Hon. Clarence
W. Harrison II, Judge, presiding.

Judgment     Affirmed in part and reversed in part; cause remanded.

Counsel on     Thomas G. Maag and Peter J. Maag, both of Maag Law Firm, of Wood
Appeal     River, for appellants.

Douglas C. Gruenke, of Belsheim & Bruckert, L.L.C., of O'Fallon, and
T. Michael Ward, of Brown & James, P.C., of St. Louis, Missouri, for
appellees.

JUSTICE SPOMER delivered the judgment of the court, with opinion.

Presiding Justice Donovan and Justice Goldenhersh concurred in the judgment and opinion.


**OPINION**

¶ 1        In this consolidated appeal, the plaintiffs, Joshua C. Olson, Lydia K. Olson, Elton Dintelman, Beverly Dintelman, Beryl L. Foreshee, Jr., Dorothy M. Foreshee, Kelly R. Blakely, and Daniel J. Lusicic, Jr., appeal from the September 20, 2010, order of the circuit court of Madison County, which dismissed all of their claims against the defendants, Hunter's Point Homes, LLC, James D. Hettler, Jason C. Coleman, Amy Sujanani (in the Olson and Foreshee cases), Diana Naney (in the Lusicic case), Tina Ziegler (in the Foreshee case), Tina Besserman (in the Blakely case), and Century 21 Bailey & Co. (Century 21). For the reasons that follow, we affirm in part and reverse in part and remand for further proceedings.

¶ 2                                       FACTS
¶ 3        Because the claims in each of the cases on appeal are substantially similar, we will set forth the facts alleged in the Olson complaint as the basis for our analysis. On April 23, 2010, the Olsons filed a third amended complaint in the circuit court of Madison County, which was erroneously titled as a second amended complaint. The Olsons alleged that they entered into a contract to purchase property located at lot number 7, Hunter's Point Drive, in Granite City, from the defendant, Hunter's Point Homes. The Olsons alleged that agents and employees of Hunter's Point Homes, including Jason Coleman, James Hettler, and Amy Sujanani of Century 21, made representations to them that the property was located on a lot upon which permanent structures could be built, that the house was built in accordance with all laws, codes, specifications, and easements, and that a garage, fence, or other structure could be built in the backyard area of the property. The complaint alleged that, in truth and fact, the majority of the lot behind the house cannot be used to build structures due to an easement in favor of Illinois Power which prohibits such structures, that the house is encroaching on the easement, and no other structures, such as a garage or a fence, can be built on the lot. The Dintelman, Foreshee, Blakely, and Lusicic plaintiffs made identical allegations regarding their purchase of properties located within the same subdivision, although other real estate agents from Century 21 were named as defendants, as indicated above, except in the operative complaint in the Dintelman case, which contained only eight counts and contained no claims against Century 21 or any of its agents.

¶ 4        In count I, the plaintiffs alleged a cause of action for common law fraud against Hunter's Point Homes. In count II, the plaintiffs alleged a cause of action against Hunter's Point

Homes pursuant to the Illinois Consumer Fraud and Deceptive Business Practices Act (the Consumer Fraud Act) (815 ILCS 505/1 *et seq.* (West 2010)). Counts III and IV alleged Consumer Fraud Act claims against James Hettler and Jason Coleman, respectively. Count V alleged a piercing-the-corporate-veil theory against James Hettler and Jason Coleman with respect to any liability on the part of Hunter's Point Homes. Count VI alleged a cause of action against Hunter's Point Homes for ordinary negligence, and counts VII and VIII alleged causes of action against James Hettler and Jason Coleman, respectively for promissory estoppel. Count IX alleged a cause of action for negligent or intentional misrepresentation against real estate agent Amy Sujanani, and count X alleged Century 21 is vicariously liable for the acts and omissions of Ms. Sujanani. The operative complaints in all of the cases contained no allegations against J. Coleman Enterprises or TLC Construction of O'Fallon, although both were named defendants in the caption of the complaints.

¶ 5     Century 21 and its agents filed answers in all of the cases where they were named as defendants. In all of the cases, Hunter's Point Homes, Jason Coleman, and James Hettler filed motions to dismiss counts I through VIII of each complaint. On June 23, 2010, the circuit court entered an order dismissing all of the claims of the various plaintiffs based on the *Moorman* doctrine and ordered the plaintiffs to advise within 30 days whether they would seek to amend their complaints or would stand on their pleadings. The plaintiffs never sought to amend their pleadings, and on September 20, 2010, the circuit court entered an order dismissing all the claims of all of the plaintiffs with prejudice. On October 19, 2010, the plaintiffs filed a timely notice of appeal.

¶ 6                                        ANALYSIS

¶ 7     The standard of review for a dismissal of a complaint, whether pursuant to section 2-615 of the Illinois Code of Civil Procedure (the Code) (735 ILCS 5/2-615 (West 2010)) or section 2-619 of the Code (735 ILCS 5/2-619 (West 2010)), is *de novo*. *Colmar, Ltd. v. Fremantlemedia North America, Inc.*, 344 Ill. App. 3d 977, 983 (2003). This court may affirm the circuit court's order dismissing the case upon any grounds for which a basis exists in the record. *Id.*

¶ 8     In this case, the circuit court dismissed all of the counts of all the complaints based on the *Moorman* doctrine. Pursuant to the *Moorman* doctrine, a party may not recover in negligence for a purely economic loss. *Moorman Manufacturing Co. v. National Tank Co.*, 91 Ill. 2d 69, 86-87 (1982). However, it is clear that under Illinois law, economic loss is recoverable where one intentionally makes false representations. *Id.* at 88-89. Additionally, an exception to the *Moorman* doctrine exists where one who is in the business of supplying information for the guidance of others in their business transactions makes a negligent representation. *Id.* Consequently, a plaintiff may recover economic losses in negligence from a real estate broker. *Zimmerman v. Northfield Real Estate, Inc.*, 156 Ill. App. 3d 154, 164 (1986). While a seller of real estate does not fall under this *Moorman* exception, and thus a plaintiff cannot recover for economic losses under a theory of negligence, a plaintiff may recover from a seller of real estate where intentional misrepresentation is sufficiently alleged. *Id.*

-4-

¶ 9        Applying these principles to the operative complaints in the cases at bar, using the Olson complaint as the example, we conclude that counts I through V, which allege common law fraud and a violation of the Consumer Fraud Act (815 ILCS 505/1 *et seq.* (West 2010)) against the seller defendants, were not properly dismissed on the basis of the *Moorman* doctrine because they contain allegations of intentional misrepresentation. Count VI, which alleges negligent misrepresentation on the part of the sellers, was properly dismissed on the basis of *Moorman*, and we affirm the dismissal of count VI. Counts VII and VIII allege theories of promissory estoppel, which is a theory of recovery to which *Moorman* does not apply because it does not contain allegations of negligence. Finally, counts IX and X, against the broker defendants, were not properly dismissed on the basis of the *Moorman* because real estate brokers can be said to be in the business of supplying information to others in their business transactions and, thus, can be held liable for negligent misrepresentation. *Zimmerman*, 156 Ill. App. 3d at 164. Moreover, we note that the broker defendants answered the operative complaints in all the cases before us on appeal and did not move to dismiss the counts against them. In summary, the only count of the operative complaints in the cases at bar that was properly dismissed pursuant to the *Moorman* doctrine is count VI, which alleges negligent misrepresentation on the part of Hunter's Point Homes, the sellers of the real estate at issue.

¶ 10       Because we can affirm the circuit court's order dismissing the remaining counts on any basis in the record, we will address the alternative arguments set forth by the defendants in their briefs. First, the seller defendants, Hunter's Point Homes, James Hettler, and Jason Coleman, argue that counts I through V, alleging common law fraud and violations of the Consumer Fraud Act (815 ILCS 505/1 *et seq.* (West 2010)), were properly dismissed because the alleged misrepresentations regarding the easements and building codes were representations of facts that are contained in the public records and, as such, are really representations of law on which the plaintiffs, as a matter of law, had no right to rely. The broker defendants make an identical argument with regard to the counts alleging negligent misrepresentation against them, counts IX and X in the Olson complaint. We agree that justified reliance is an element of a cause of action for common law fraud. See *Kinsey v. Scott*, 124 Ill. App. 3d 329, 335 (1984). Furthermore, we recognize that case law exists in Illinois that sets forth a general rule that one is not entitled to rely on a representation of law since both parties are presumed to be equally capable of knowing and interpreting the law and that this rule has been applied to bar causes of action based on misrepresentation of the zoning of property. See, *e.g.*, *Hamming v. Murphy*, 83 Ill. App. 3d 1130, 1135 (1980); *City of Aurora v. Green*, 126 Ill. App. 3d 684, 687 (1984). However, as subsequent case law has clarified, the issue in such cases is whether or not the seller's misrepresentations could have been discovered merely by reviewing applicable zoning or building ordinances or, in other words, whether the misrepresentations were discoverable by the plaintiffs in the exercise of ordinary prudence. See *Stichauf v. Cermak Road Realty*, 236 Ill. App. 3d 557, 568 (1992). In a case such as this, " 'liability will be found when the defendant misrepresents facts of which he possesses almost exclusive knowledge and the truth or falsity of which are not readily ascertainable by the plaintiff.' " *Id.* (quoting *O'Brien v. Noble*, 106 Ill. App. 3d 126, 130 (1982)). We find that it is a question of fact as to whether the alleged misrepresentations

regarding the nature and character of the utility easements and building code violations at issue fit within this category. Accordingly, neither counts I through V of the various complaints nor the counts against the broker defendants for negligent misrepresentation were properly dismissed on this basis.

¶ 11       Likewise, we decline to affirm the dismissal of counts I through V of the various complaints on the basis that they lack specificity regarding what misrepresentations were made, who made the representations, and to whom they were made. We find the complaints sufficient to put the defendants on notice of the claims that are being made. It is clear that the plaintiffs are alleging that, prior to their executing the real estate purchase contracts at issue, agents and employees of Hunter's Point Homes and Century 21 made representations to them regarding the ability of the plaintiffs to build in their yards and compliance of the existing structures with codes and easements. We believe these counts meet the requirements of section 2-612(b) of the Code (735 ILCS 5/2-612(b) (West 2010)), as they reasonably inform the defendants of the nature of the claims against them. The details of these representations can be borne out by discovery and we find no reason to affirm the dismissal of counts I through V on this basis.

¶ 12       We also reject the defendants' argument that we should affirm the dismissal of counts II, III, and IV of the various complaints, which allege causes of action for common law fraud and violations of the Consumer Fraud Act against Jason Coleman and James Hettler individually, both on a theory that they themselves made misrepresentations to the plaintiffs, and in count IV, based on a corporate-veil-piercing theory. We find that these counts state claims on which relief may be granted should the plaintiffs prove the facts alleged therein. See *Citizens Savings & Loan Ass'n v. Fischer*, 67 Ill. App. 2d 315, 324 (1966) (officer of corporation individually liable for acts of fraud in which he participates); see also *Cosgrove Distributors, Inc. v. Haff*, 343 Ill. App. 3d 426, 430 (2003) (a court can pierce the corporate veil and hold shareholders of corporation individually liable where (1) a unity of interests and ownership exists and (2) piercing is required to avoid fraud, injustice, or inequitable consequences).

¶ 13       We now turn our attention to counts VII and VIII of the complaints, which allege causes of action based upon promissory estoppel against Hunter's Point Homes and James Hettler, respectively. Promissory estoppel is unavailable when an enforceable contract between the parties exists. *Prentice v. UDC Advisory Services, Inc.*, 271 Ill. App. 3d 505, 512-13 (1995). Here, the parties have acknowledged the existence of contracts to purchase the real estate at issue in all of the cases. Accordingly, we must affirm the circuit court's dismissal of counts VII and VIII in the various complaints.

¶ 14                                              CONCLUSION

¶ 15       For the foregoing reasons, we reverse the dismissal of counts I through V in all the complaints, as well as the counts for negligent misrepresentation against the broker

defendants, which are counts IX and X in the Olson complaint.[1] We affirm the dismissal of counts VI, VII, and VIII in all the complaints and remand for further proceedings.

¶ 16    Affirmed in part and reversed in part; cause remanded.

---

[1]Thus, we reverse the dismissal of counts IX, X, and XI in the Foreshee complaint, counts IX and X in the Blakely complaint, and counts IX and X in the Lusicic complaint. We note that the Dintelman complaint did not allege a cause of action against any real estate broker.