FIRST DIVISION

No. 1-09-1924

|  |  |  |
|---|---|---|
| JOSEPH CEDZIDLO, | ) | |
| | ) | |
| Plaintiff, | ) | Appeal from the Circuit Court of Cook County |
| | ) | |
| v. | ) | |
| | ) | |
| MARRIOTT INTERNATIONAL, INC., and RENAISSANCE HOTEL OPERATING COMPANY, d/b/a Renaissance Chicago Hotel, | ) | |
| | ) | |
| Defendants and Third-Party Plaintiffs-Appellants | ) | |
| | ) | |
| (Torvac, Inc., Darling International, Inc., d/b/a Torvac, Inc., Darling International, Inc., Individually and as Successor-in-Interest to Torvac, Inc., | ) | |
| | ) | |
| Third-Party Defendants-Appellees; | ) | |
| | ) | |
| Pickens Kane, | ) | Honorable Jeffrey Lawrence, |
| | ) | |
| Third-Party Defendant). | ) | Judge Presiding. |
| | ) | |

JUSTICE LAMPKIN delivered the opinion of the court:

Defendants and third-party plaintiffs Marriott International, Inc. (Marriott), and Renaissance Hotel Operating Company (Renaissance) appeal from the trial court's grant of the motion to dismiss filed by third-party defendants, Torvac, Inc. (Torvac), and Darling International, Inc. (Darling). Marriott and Renaissance argue the trial court should not have dismissed their third-party complaint, which was filed after leave of court had expired but before

the expiration of the statute of limitations. For the reasons set forth below, we reverse and remand.

## I. BACKGROUND

On January 2, 2007, plaintiff Joseph Cedzidlo filed a complaint against Marriott and Renaissance for injuries he suffered on June 15, 2005, when he was moving furniture at their hotel, slipped on some cooking grease on a loading dock, and fell. On January 16, 2007, the complaint was served on Marriott and Renaissance, and they filed an answer in March 2007, that denied negligence and asserted that plaintiff's own negligence or fault contributed to his injuries.

In July 2007, Marriott's and Renaissance's responses to discovery disclosed their contract with Torvac for grease trap pumping and used cooking oil removal services. In July 2008, the trial court moved the case to the bottom of the list of cases that were approaching trial assignment (the black line pool). Furthermore, the trial court scheduled the completion of oral discovery and depositions for September 18, 2008. However, on October 2, 2008, the trial court ordered the case removed from the black line pool and returned to the motion calendar.

On October 6, 2008, Marriott and Renaissance moved for leave to file a third-party complaint by November 3, 2008, and the trial court granted the motion. Marriott and Renaissance, however, failed to file the complaint by that deadline. Meanwhile, in December 2008, the trial court scheduled the completion of oral discovery and depositions for March 23, 2009. Then, on January 14, 2009, Marriott and Renaissance filed their third-party complaint, pursuant to the Joint Tortfeasors Contribution Act (740 ILCS 100/1 *et seq.* (West 2008)), against Torvac and Darling (collectively referred to hereinafter as Torvac), and plaintiff's employer,

No. 1-09-1924

Pickens Kane. Marriott and Renaissance alleged Torvac had a duty to exercise reasonable care in the maintenance, cleaning and emptying of the grease tank and grease trap at the hotel to avoid injury to persons on the premises. Although Marriott and Renaissance denied liability to plaintiff, they alternatively pled that if they were found liable, then Torvac's negligent acts caused plaintiff's injuries. Furthermore, Marriott and Renaissance alleged that Pickens Kane negligently failed to make a reasonable inspection of the work premises, failed to supervise the work being done, and failed to properly train plaintiff on work-site safety.

The third-party complaint was served on Torvac on March 10 and 20, 2009. On April 7, 2009, Torvac filed a motion to dismiss, pursuant to subsections 2-619(a)(1) and (a)(9) of the Code of Civil Procedure (Code) (735 ILCS 5/2-619(a)(1), (a)(9) (West 2008)), on grounds that the court lacked subject matter jurisdiction and the claim was barred by other affirmative matter. Torvac argued that Marriott and Renaissance's third-party complaint was "null and void" because it was filed after leave of court had expired. Specifically, Torvac stated that although the trial court had granted Marriott and Renaissance leave to file the complaint by November 3, 2008, Marriott and Renaissance, without seeking any extension, filed the complaint on January 14, 2009, which was about 72 days after the deadline. Torvac asserted that all claims against it should be dismissed with prejudice because it was not named as a party before the statute of limitations for Marriott and Renaissance's contribution action expired on January 16, 2009. To support dismissal, Torvac cited Pestka v. Town of Fort Sheridan Co., 371 Ill. App. 3d 286, 297 (2007), and Allen v. Archer Daniels Midland Co., 129 Ill. App. 3d 783, 786 (1985), for the proposition that an amended complaint that adds additional parties and is filed without leave of

3

No. 1-09-1924

court is a nullity.

In response, Marriott and Renaissance argued their third-party complaint was filed after obtaining leave and before the expiration of the statute of limitations on January 16, 2009. They also argued the trial court should exercise its broad discretion to allow the third-party complaint to stand and ensure that justice was done between the parties. Alternatively, Marriott and Renaissance requested an order granting them leave to file their third-party complaint *nunc pro tunc*.

Meanwhile, third-party defendant Pickens Kane filed its answer and affirmative defenses to the third-party complaint for contribution.

On June 3, 2009, the trial court granted Torvac's motion to dismiss Marriott and Renaissance's third-party complaint. As support, the trial court cited First Robinson Savings & Loan v. Ledo Construction Co., 210 Ill. App. 3d 889, 892 (1991), for the proposition that when a plaintiff is granted leave to file an amended complaint within a prescribed time but that time elapses, then the plaintiff's late amended complaint is filed without leave of court and is a nullity.

Marriott and Renaissance filed a motion to reconsider, which the trial court denied on June 29, 2009, finding no just reason to delay enforcement or appeal of the order. The trial court also scheduled the completion of oral discovery and depositions for September 29, 2009.

On July 9, 2009, the trial court granted Marriott and Renaissance's motion for leave to file an amended third-party complaint against Torvac and Pickens Kane. Marriott and Renaissance repled their contribution claim against Torvac to preserve all issues for appeal (count I). Marriott and Renaissance also added a breach of contract claim against Torvac (count II), alleging it failed

4

to obtain general liability coverage naming Marriott and Renaissance as additional insureds. Further, Marriott and Renaissance alleged a claim for indemnification against Torvac (count III) and repled the contribution claim against Pickens Kane (count IV). Marriott and Renaissance also timely appealed the trial court's June 3, 2009 order.

## II. ANALYSIS

Torvac sought dismissal of Marriott and Renaissance's third-party complaint pursuant to subsections 2-619(a)(1) and (a)(9) of the Code. 735 ILCS 5/2-619(a)(1), (a)(9) (West 2008). A section 2-619 motion to dismiss admits the legal sufficiency of the plaintiff's complaint, but asserts an affirmative defense or other matter that avoids or defeats the plaintiff's claim. DeLuna v. Burciaga, 223 Ill. 2d 49, 59 (2006). "Section 2-619 motions present a question of law, and we review rulings thereon *de novo*." DeLuna, 223 Ill. 2d at 59.

On appeal, Marriott and Renaissance argue the trial court erroneously dismissed their third-party complaint on the basis of a lack of jurisdiction. According to Marriott and Renaissance, the trial court failed to apply more recent case authority for the proposition that a party's failure to obtain leave of court to file an amended pleading does not constitute a jurisdictional defect and, thus, does not render the filing a nullity. Torvac, however, responds that the dispositive issue here is not a question of jurisdiction but, rather, whether the trial court abused its discretion when it dismissed the third-party complaint after Marriott and Renaissance failed to comply with a just and reasonable filing deadline.

We are not persuaded by Torvac's argument that the trial court's dismissal merely involved its exercise of discretion. According to the record, Torvac's motion urged the trial court

to dismiss the third-party complaint on grounds of both subject matter jurisdiction pursuant to section 2-619(a)(1) of the Code and other affirmative matter barring the claim pursuant to section 2-619(a)(9) of the Code. Furthermore, Torvac argued that dismissal was appropriate because Marriott and Renaissance's failure to obtain leave rendered their third-party complaint null and void. To support that proposition, Torvac cited cases that deemed the failure to obtain leave to add new claims or parties a jurisdictional defect that rendered the amendment a nullity. In addition, the trial judge cut short any oral argument on the motion to dismiss by announcing that he "should have known the rule in this case without having to brief it first," and concluding that First Robinson Savings & Loan, 210 Ill. App. 3d at 892, which held that the defendant's counterclaim adding a new party and filed without leave of court was a nullity, was controlling authority. Consequently, the record refutes Torvac's argument that jurisdictional considerations did not form the basis of the trial court's ruling to grant Torvac's motion to dismiss.

A party's right to amend a pleading is not absolute or unlimited, and courts have generally held that a party is required to obtain the court's permission to file an amendment. Johnson v. Ingalls Memorial Hospital, No. 1-09-0422, slip op. at 13 (June 29, 2010). Section 2-616 of the Code provides that amendments to pleadings, including those adding parties or causes of action, "may be allowed on just and reasonable terms" at any time before final judgment. 735 ILCS 5/2-616 (West 2008). More germane to this dispute is section 2-406 of the Code, which sets forth rules governing bringing new parties into actions that are already pending. According to section 2-406, a defendant must file a third-party complaint "[w]ithin the time for filing his or her answer or thereafter by leave of court." 735 ILCS 5/2-406(b) (West 2008). However, because circuit

6

court jurisdiction is conferred by the constitution and not by statute, except in the administrative review context, circuit courts do not seek statutory justification for the exercise of jurisdiction. Steinbrecher v. Steinbrecher, 197 Ill. 2d 514, 529-30 (2001).

Furthermore, granting a party leave to file a pleading falls within the circuit court's discretion. Harshman v. DePhillips, 218 Ill. 2d 482, 503 (2006). "[D]enial of leave to file an amended complaint solely because of delay in seeking such leave without a showing of prejudice other than mere inconvenience to the opposing party could be an abuse of discretion." Enblom v. Milwaukee Golf Development, 227 Ill. App. 3d 623, 629 (1992).

In Johnson, slip op. at 12-18, this court recently addressed the consequences of a party's failure to obtain leave of court to amend a complaint to add new claims or parties. Similar to Torvac's argument here, the defendants in Johnson argued the plaintiff's failure to obtain leave of court before filing her first amended complaint adding additional parties rendered the amended complaint a nullity and required dismissal. Johnson, slip op. at 12. This court acknowledged that several appellate court decisions stood for the proposition that the requirement to obtain leave was jurisdictional and, therefore, an amendment filed without leave of court was a nullity. Johnson, slip op. at 16 (noting that Stichauf v. Cermak Road Realty, 236 Ill. App. 3d 557, 564 (1992), and Callaghan Paving, Inc. v. Keeneyville Construction Co., 197 Ill. App. 3d 937, 939 (1990) failed to provide any rationale or analysis regarding the jurisdiction issue). Nevertheless, this court noted that the validity of the holdings in those cases was called into question by subsequent decisions of our supreme court and appellate court. Johnson, slip op. at 14-15 (citing Ragan v. Columbia Mutual Insurance Co., 183 Ill. 2d 342 (1998), Fischer v. Senior Living

No. 1-09-1924

Properties, L.L.C., 329 Ill. App. 3d 551 (2002), and Ganci v. Blauvelt, 294 Ill. App. 3d 508 (1998)).

Specifically, in Ragan, our supreme court addressed the issue of the court's subject matter jurisdiction where the plaintiff amended his complaint without leave of court to add a claim for prejudgment interest and the defendant did not object. Ragan, 183 Ill. 2d at 353. After prejudgment interest was awarded, the defendant argued for the first time on appeal that the trial court lacked jurisdiction over the amended complaint. Ragan, 183 Ill. 2d at 353. In support, the defendant cited several cases for the proposition that the failure to obtain leave to amend a pleading to add a new party was a jurisdictional defect. Ragan, 183 Ill. 2d at 354. Our supreme court rejected the defendant's jurisdiction argument. In addition to distinguishing the defendant's cited cases on the basis that they involved adding new parties as opposed to adding new claims, the court criticized the cases as "unpersuasive." Ragan, 183 Ill. 2d at 354. The court reasoned that interpreting the failure to obtain leave to amend as a jurisdictional defect would frustrate the liberal pleading provisions in the Code aimed at doing justice between the parties. Ragan, 183 Ill. 2d at 354-55.

Likewise, in Ganci, this court determined that the defendant's failure to obtain leave to file his third-party complaint, which added a new party to the dispute, did not deprive the trial court of jurisdiction. Ganci, 294 Ill. App. 3d at 516. The court stated that the practice of treating the obtaining of leave as an element of jurisdiction was contrary to the notion that circuit courts are courts of general jurisdiction. Ganci, 294 Ill. App. 3d at 516; accord Fischer, 329 Ill. App. 3d at 555 (rejecting the idea that filing an amended complaint without obtaining leave constituted a

8

No. 1-09-1924

jurisdictional error).

Torvac cites Pestka, 371 Ill. App. 3d at 297, for the proposition that a pleading amendment that adds new parties without obtaining leave of court is a nullity. We, however, do not follow Pestka because its dated analysis of the jurisdiction issue failed to include the more recent cases of Ragan, Fischer, Ganci.

We follow Johnson and the cases cited therein. Consequently, we conclude that Marriott and Renaissance's procedural failure to obtain leave to file their third-party complaint did not deprive the trial court of jurisdiction and render the filing a nullity. Because Torvac timely objected to Marriott and Renaissance's failure to obtain leave, the trial court was required to exercise its discretion to determine whether leave to file should be granted. As discussed above, the record establishes that the trial court did not exercise any discretion but, rather, relied on unpersuasive cases to conclude that the third-party complaint was a nullity and should be dismissed.

The parties have not raised in this appeal–and we make no determination on–the issue concerning the effect Marriott and Renaissance's filing of their third-party complaint without leave of court had on the running of the statute of limitations. We note, however, that this court has held that the commencement of a suit stops the running of the statute of limitations, the case then becomes a pending action, and a "cause docketed in the court is deemed in law to be pending until the matters in controversy have been finally determined." Baird & Warner, Inc. v. Addison Industrial Park, Inc., 70 Ill. App. 3d 59, 75 (1979). See also, Hanks v. Floyd, 51 Ill. App. 3d 1048, 1050 (1977) (where the plaintiff filed her complaint on the last possible day and was late in

9

remitting the filing fee, she was allowed to maintain her action because non-payment of the fee did not deprive the circuit court of jurisdiction).

Accordingly, for all of the foregoing reasons, we reverse the trial court's decision to grant Torvac's motion to dismiss Marriott and Renaissance's third-party complaint. We remand this cause to the trial court to determine whether Marriott and Renaissance should be granted leave to file their third-party complaint.

Reversed and remanded with directions.

HOFFMAN and PATTI, JJ., concur.

No. 1-09-1924

JOSEPH CEDZIDLO,

Plaintiff,

v.

MARRIOTT INTERNATIONAL, INC., and RENAISSANCE HOTEL OPERATING COMPANY, d/b/a Renaissance Chicago Hotel,

Defendants and Third-Party Plaintiffs-Appellants

(Torvac, Inc., Darling International, Inc., d/b/a Torvac, Inc.,  Darling International, Inc., Individually and as Successor-in-Interest to Torvac, Inc.,

Third-Party Defendants-Appellees;

Pickens Kane,

Third-Party Defendant).

No. 1-09-1924

Appellate Court of Illinois
First District, FIRST DIVISION

September 20, 2010

Justice Bertina E. Lampkin authored the opinion of the court:

Justice Hoffman and Justice Patti concur.

Appeal from the Circuit Court of Cook County.
The Hon. Jeffrey Lawrence, Judge Presiding.

**COUNSEL FOR THIRD-PARTY PLAINTIFFS-APPELLANTS**
Grant, Ross & Fanning, Chicago, IL 60606
OF COUNSEL: James Koehler


**COUNSEL FOR THIRD-PARTY DEFENDANTS-APPELLEES**
The Law Offices of Wolf & Wolfe, Ltd., Chicago, IL 60602
OF COUNSEL: Patrick R. Grady