# ILLINOIS OFFICIAL REPORTS

## Appellate Court

---

### *Besic v. Lattof Chevrolet, Inc.*, 2012 IL App (1st) 103185

---

| | |
|---|---|
| Appellate Court Caption | MUJO BESIC, Plaintiff-Appellant, v. LATTOF CHEVROLET, INCORPORATED, and GENERAL MOTORS CORPORATION, Defendants-Appellees. |
| District & No. | First District, Fifth Division<br>Docket No. 1-10-3185 |
| Rule 23 Order filed<br>Rule 23 Order withdrawn<br>Opinion filed | November 4, 2011<br><br>March 13, 2012<br>March 16, 2012 |
| Held<br>(*Note: This syllabus constitutes no part of the opinion of the court but has been prepared by the Reporter of Decisions for the convenience of the reader.*) | In a small-claims action where plaintiff filed a posttrial motion challenging the entry of judgment for defendants without first seeking leave of court to file that motion as required by Supreme Court Rule 287(b) and the trial court ruled that it lacked jurisdiction because plaintiff did not obtain leave to file the motion, the trial court erred in finding a jurisdictional bar to the motion and the cause was remanded to allow the trial court to exercise its discretion in ruling on whether to allow plaintiff's motion to be filed. |
| Decision Under Review | Appeal from the Circuit Court of Cook County, No. 08-M1-153320; the Hon. Thomas More Donnelly, Judge, presiding. |
| Judgment | Reversed and remanded with directions. |

Counsel on
Appeal

Dmitry N. Feofanov, of ChicagoLemonLaw.com PC, of Chicago, for appellant.

Rebecca J. Hanson, of Kopka, Pinkus, Dolin & Eads, LLC, of Chicago, for appellees.

Panel            JUSTICE HOWSE delivered the judgment of the court, with opinion.
                 Presiding Justice Epstein and Justice McBride concurred in the judgment and opinion.

## OPINION

¶ 1    Plaintiff Mujo Besic brought this small claims action against defendants Lattof Chevrolet, Incorporated, and General Motors Corporation. A jury found for defendants and on May 5, 2010, the trial court entered judgment for defendants on that verdict. Plaintiff filed a posttrial motion challenging the judgment on June 1, 2010, but did not first seek leave of court to file that motion, as is required by Illinois Supreme Court Rule 287(b) (eff. Aug. 1, 1992). Defendants objected to the posttrial motion as a violation of Rule 287(b) and on October 7, 2010, the trial court subsequently ruled that it lacked jurisdiction to hear that motion because plaintiff had failed to follow the rule by first seeking leave to file the motion. Plaintiff brought this appeal.

¶ 2    We review jurisdictional issues *de novo*. *In re A.H.*, 207 Ill. 2d 590, 593 (2003). In *Ganci v. Blauvelt*, 294 Ill. App. 3d 508 (1998), a party filed an untimely third-party complaint without first obtaining leave of court, as was required by statute. 735 ILCS 5/2-406(b) (West 1996). For the first time on appeal, the third-party defendant argued that the violation of the statute deprived the circuit court of jurisdiction over that complaint and rendered it void. This court held:

"Neither this court nor the Supreme Court of Illinois has ever held that obtaining leave of court to bring an additional party is a necessary requirement for the circuit court to have jurisdiction over the proceeding against that additional party. No doubt many reasons support the statutory requirement to obtain leave. However, here, any party prejudiced by the joinder, including the party joined, could have objected in the trial court but did not do so. Placing jurisdictional significance to the leave requirement here would merely result in a technical windfall to the third-party defendant who did not object to the lack of leave of court until appeal. Moreover, we conclude that treating obtaining of leave as an element of jurisdiction is contrary to the most recent theories of circuit court jurisdiction." *Ganci*, 294 Ill. App. 3d at 516.

In this case, defendants did object to the plaintiff's posttrial motion, but instead of exercising

its discretion to rule on the motion, the trial court found that it lacked jurisdiction to even entertain the motion. Because the court treated the posttrial motion as a nullity, plaintiff's subsequent notice of appeal, filed on October 22, 2010, was not timely and defendants argue that we must dismiss this appeal for lack of jurisdiction.

¶ 3        Similarly to *Ganci*, we find that the obtaining leave requirement of Supreme Court Rule 287(b) does not rise to a jurisdictional requirement. The Committee Comments note that the purpose of the rule is to "simplify procedures and reduce the cost of litigation." Ill. S. Ct. R. 287, Committee Comments. Thus in *Bolin v. Sosamon*, 181 Ill. App. 3d 442, 445 (1989), also a small-claims case, the court found that the filing of a petition for leave to file a posttrial motion, when accompanied by that motion, sufficed to toll the 30-day period for filing a notice of appeal, even though the petition was not granted within the 30-day period after final judgment had been entered. Implicit in that decision is a finding that the requirement that leave of court first be obtained was not a jurisdictional requirement. See *Cedzidlo v. Marriott International, Inc.*, 404 Ill. App. 3d 578, 581-83 (2010) (failure to obtain leave of court to file third-party complaint was not a jurisdictional defect such as would render the complaint a nullity).

¶ 4        Because we find that the trial court did have jurisdiction to rule on plaintiff's posttrial motion, we find that the court erred when it failed to exercise its discretion and instead found a jurisdictional bar to the motion. Accordingly, we remand so that the trial court may exercise its discretion in ruling on whether to allow plaintiff's posttrial motion to be filed.

¶ 5        Reversed and remanded with directions.