# ILLINOIS OFFICIAL REPORTS

## Appellate Court

---

### *VC&M, Ltd. v. Andrews*, 2012 IL App (2d) 110523

---

| | |
|---|---|
| Appellate Court Caption | VC&M, LTD., d/b/a Re/Max Elite, Plaintiff-Appellant, v. CINDY ANDREWS and ROBERT ANDREWS, Defendants-Appellees. |
| District & No. | Second District<br>Docket No. 2-11-0523 |
| Filed | April 16, 2012 |
| Rehearing denied | May 29, 2012 |
| Held<br>(*Note: This syllabus constitutes no part of the opinion of the court but has been prepared by the Reporter of Decisions for the convenience of the reader.*) | An appeal from the dismissal of an action to recover a real estate commission was dismissed on the ground that plaintiff violated the circuit court's local rule against the electronic filing of certain motions and all notices of appeal. |
| Decision Under Review | Appeal from the Circuit Court of Du Page County, No. 10-AR-3951; the Hon. Bruce R. Kelsey, Judge, presiding. |
| Judgment | Appeal dismissed. |

| Counsel on Appeal | Terry W. Huebner, of Hinsdale, for appellant. |
|---|---|
| | John P. McTigue, of Wheaton, for appellee Robert Andrews. |
| | |
| Panel | JUSTICE BURKE delivered the judgment of the court, with opinion. Justices Hutchinson and Zenoff concurred in the judgment and opinion. |

**OPINION**

¶ 1     Defendants, Robert and Cindy Andrews, entered into a real estate listing agreement with plaintiff, VC&M, Ltd., to list their marital residence for sale. Plaintiff procured a potential buyer who submitted an offer for less than the asking price. Defendants, who were in the process of dissolving their marriage, rejected the offer, instead arranging for Cindy to purchase Robert's interest in the home and continue residing there. Robert transferred his interest to Cindy as part of a marital settlement agreement, and defendants refused to pay plaintiff a commission.

¶ 2     Plaintiff filed an amended complaint alleging claims of breach of contract and for an account stated. The trial court dismissed the amended complaint, and plaintiff appeals. We dismiss the appeal for lack of jurisdiction on the ground that plaintiff violated the circuit court's local rule prohibiting the electronic filing (e-filing) of certain motions and all notices of appeal.

¶ 3                                          FACTS

¶ 4     On December 15, 2010, plaintiff filed a two-count amended complaint alleging claims of breach of contract and for an account stated. Plaintiff alleged that, on November 24, 2009, it entered into a contract with defendants to list their home for sale for $1,350,000. Through plaintiff's efforts, a couple submitted an offer of $1,126,000 on March 31, 2010. The prospective buyers allegedly were ready, willing, and able to close on their offer. However, the offer was $224,000 less than the asking price specified in the listing agreement.

¶ 5     Defendants rejected the bid and did not make a counteroffer. Specifically, Cindy informed Susan Mitch, the listing agent employed by plaintiff, that defendants would not pursue the bid because Cindy intended to "buy out" Robert's interest in the home and remain living there herself. Defendants did not pursue negotiations with the prospective buyers, and no further offers were made by any prospective buyer. The listing agreement expired on April 6, 2010.

¶ 6     On August 4, 2010, in the unrelated divorce proceedings, the circuit court entered a judgment for dissolution of marriage, which incorporated a settlement agreement. The

settlement provided that Cindy would buy out Robert's share of the marital home. For purposes of determining the parties' interests in the property, Cindy and Robert stipulated that the fair market value of the home was $1,126,005, which was $5 more than the offer that defendants had rejected.

¶ 7 Based on the transfer of Robert's interest to Cindy, plaintiff asserted that it had earned a commission under the listing agreement. Plaintiff alleged that it complied with all terms and conditions of the agreement and made a timely demand for payment of the commission. Plaintiff sought the commission and prejudgment interest (see 815 ILCS 205/2 (West 2010)) accruing since March 31, 2010, when the prospective buyers submitted their offer. Plaintiff also alleged that defendants and their real estate attorney sent e-mail correspondence acknowledging that defendants owed plaintiff the commission.

¶ 8 Cindy and Robert filed motions to dismiss the amended complaint on December 29, 2010, and January 5, 2011, respectively. Defendants argued that the amended complaint must be dismissed with prejudice for failure to state a claim. See 735 ILCS 5/2-615 (West 2010). Plaintiff e-filed, without agreement or stipulation of the parties, its response to the motions to dismiss.

¶ 9 On February 23, 2011, the trial court dismissed with prejudice the amended complaint. On March 25, 2011, plaintiff e-filed a motion to reconsider the dismissal. Plaintiff filed a paper copy of the motion on April 25, 2011, and the trial court denied the motion on the same day. Plaintiff e-filed a notice of appeal on May 25, 2011.

¶ 10                                              ANALYSIS

¶ 11 On November 16, 2011, defendants moved to dismiss the appeal for lack of jurisdiction. Defendants argued that plaintiff violated the circuit court's local rule governing e-filing, and therefore plaintiff did not timely file a motion to reconsider or notice of appeal. We initially denied the motion to dismiss, but we revisit the issue because this court has a continuing duty to assess our jurisdiction. See *Lebron v. Gottlieb Memorial Hospital*, 237 Ill. 2d 217, 251-52 (2010) (a reviewing court has a duty to consider whether it has subject matter jurisdiction and dismiss the appeal if jurisdiction is lacking).

¶ 12 Plaintiff asserts that this court has jurisdiction pursuant to Illinois Supreme Court Rule 301 (eff. Feb. 1, 1994) and Illinois Supreme Court Rule 303(a) (eff. May 30, 2008). Rule 301 provides that every final judgment of a circuit court in a civil case is appealable as of right, and the appeal is initiated by filing a notice of appeal. Ill. S. Ct. R. 301 (eff. Feb. 1, 1994). Rule 303(a) governs the timing of an appeal from a final judgment of the circuit court. Rule 303(a)(1) provides that an appellant must file a notice of appeal with the clerk of the circuit court within 30 days after the entry of the final judgment appealed from, or, if a timely motion directed against the judgment is filed, within 30 days after the entry of the order disposing of the last pending motion directed against that judgment. Ill. S. Ct. R. 303(a)(1) (eff. May 30, 2008).

¶ 13 The trial court dismissed with prejudice the amended complaint on February 23, 2011. The record shows that plaintiff e-filed a motion to reconsider the dismissal 30 days later on March 25, 2011. Plaintiff filed a paper copy of the motion on April 25, 2011, and the motion

was heard and denied the same day. Plaintiff e-filed the notice of appeal on May 25, 2011, which was within 30 days of the denial of the written postjudgment motion. Under Rules 301 and 303, plaintiff's motion to reconsider and notice of appeal would be timely if the documents were eligible for e-filing.

¶ 14    Court rules are interpreted under the same principles that guide our construction of statutes (Ill. S. Ct. R. 2 (eff. May 30, 2008)), and our review is *de novo. People v. Sandoval*, 381 Ill. App. 3d 142, 151 (2008). Illinois Supreme Court Rule 21(a) provides that circuit courts may "adopt rules governing civil and criminal cases," so long as those rules do not conflict with the supreme court rules or Illinois statutes. Ill. S. Ct. R. 21(a) (eff. Dec. 1, 2008). Local rules " 'may not abrogate, limit or modify existing law.' " *Sandoval*, 381 Ill. App. 3d at 151 (quoting *People v. Sims*, 165 Ill. App. 3d 204, 207 (1988)). Moreover, local rules must not change substantive law or impose additional substantive burdens on litigants, as compared to the requirements of corresponding statutes or supreme court rules. *Vision Point of Sale, Inc. v. Haas*, 226 Ill. 2d 334, 357 (2007).

¶ 15    By the issuance of order number M.R. 18368, the Illinois Supreme Court approved the 18th Judicial Circuit Court as the site for the initial implementation of an e-filing pilot project. 18th Judicial Cir. Ct. R. 5.01(a) (Jan. 2, 2007). Local Rule 5.03 of the 18th Judicial Circuit (18th Judicial Cir. Ct. R. 5.03 (Jan. 2, 2007)) governs the designation of cases eligible for e-filing. Local Rule 5.03 provides as follows:

"(a) This Court hereby authorizes L (Law over $50,000) cases, AR (Arbitration), CH (Chancery), MR (Miscellaneous Remedies), D (Dissolution of Marriage) cases as permissible electronic filing case types. From time to time, with the approval of the Director of the Administrative Office of the Illinois Courts, the Court may authorize, by written Administrative Order, additional types of cases to be processed via electronic filing. The Circuit Court Clerk shall direct the phasing in of initial implementation.

(b) A permissive electronically filed case shall be designated an e-file case when a Plaintiff files a complaint electronically or a Defendant files an answer electronically or when all of the parties to an L, AR, CH, MR or D case stipulate by written order to the submission of a pending case for inclusion in the e-filing program.

(c) If a case's e-file status commences after the case has existed as a conventional paper file, the Clerk shall electronically duplicate the physical file and include it in the e-filing database. Thereafter the file shall be processed electronically pursuant to these rules.

(d) All appellate and post-judgment enforcement proceeding documents and notices shall be filed and served in the conventional manner and not by means of e-filing." 18th Judicial Cir. Ct. R. 5.03 (Jan. 2, 2007).

¶ 16    This case was designated "AR" for arbitration and eligible for e-filing at the outset, but plaintiff failed to take the steps necessary to designate it as an e-filing case pursuant to the rules of the 18th Judicial Circuit. Neither the complaint, the amended complaint, nor an answer by either defendant was filed electronically. Further, the parties did not stipulate to designate the case as an e-filing case. See 18th Judicial Cir. Ct. R. 5.03(b) (Jan. 2, 2007).

¶ 17    The trial court dismissed with prejudice the amended complaint on February 23, 2011.

The record shows that plaintiff e-filed a motion to reconsider the dismissal 30 days later on March 25, 2011. However, as the case was not properly designated an e-filing case, the e-filing of the motion to reconsider violated Local Rule 5.03 and was a nullity. Pursuant to Rule 303, the time to file a postjudgment motion or a notice of appeal elapsed on March 25, 2011. See Ill. S. Ct. R. 303 (eff. May 30, 2008). The hard copy of the motion to reconsider was not filed until April 25, 2011, and therefore was untimely. The untimely filing of the hard copy of the motion to reconsider did not extend the deadline for filing a notice of appeal. Because the action was not properly designated for e-filing from the beginning, the e-filed postjudgment motion was meaningless and the hard-copy postjudgment motion was filed late.

¶ 18 Local Rule 5.03(d) further dictates that, even in a case properly designated for e-filing, all appellate documents shall be filed in the "conventional manner." 18th Judicial Cir. Ct. R. 5.03(d) (Jan. 2, 2007). The conventional manner of filing in the circuit court is in the form of paper documents submitted to the clerk of the court as is done in cases that are not e-filing cases. See 18th Judicial Cir. Ct. R. 504(a) (Jan. 2, 2007).

¶ 19 Despite Local Rule 5.03's express prohibition of e-filing appellate documents, plaintiff e-filed the notice of appeal. Plaintiff never filed a paper copy of the notice of appeal. Several months have elapsed since the trial court dismissed the amended complaint and denied the motion to reconsider. The appeal must be dismissed because the e-filed notice of appeal violated Local Rule 5.03 and was also untimely under Rule 303.

¶ 20 Plaintiff dismisses defendants' jurisdictional challenge as "the desperate acts of those without any real argument to make." We disagree. Plaintiff argues that this court has jurisdiction to consider the appeal because plaintiff followed the technical procedure for e-filing and served defense counsel with the documents. Plaintiff fails to recognize that filing a document electronically does not render the document eligible for such filing.

¶ 21 Plaintiff also points out that the clerk of the court accepted the electronic filings, implying that the clerk would have rejected the documents if anything were amiss. Without citation to authority, plaintiff contends that the clerk possesses the discretion to accept or reject purported filings. Plaintiff concludes that the clerk's acceptance of the e-filed motion to reconsider and notice of appeal is proof of their validity. Plaintiff's assertion leads to the absurd inference that a clerk's acceptance of a defective notice of appeal would confer jurisdiction on this court.

¶ 22 We recognize that our supreme court has authorized and circuit courts have implemented e-filing systems to minimize paper use and make the court system more efficient and easier to use. However, these benefits do not justify plaintiff's blatant disregard of supreme court rules and local rules governing e-filing. The pilot e-filing system in the circuit court might be the future of document management, but plaintiff must adhere to the rules in effect today.

¶ 23                                                    CONCLUSION

¶ 24 This court lacks jurisdiction over the appeal because plaintiff violated the circuit court's local rule barring the e-filing of certain documents. First, as this case was not properly designated as an e-filing case, the local rule did not authorize plaintiff to e-file its motion to

reconsider, which rendered untimely its subsequent filing of a hard copy of the motion. Second, the local rule barred plaintiff from e-filing a notice of appeal, altogether.

¶ 25        For the reasons stated, the appeal is dismissed for lack of jurisdiction.

¶ 26        Appeal dismissed.