# ILLINOIS OFFICIAL REPORTS

## Supreme Court

---

### *VC&M, Ltd. v. Andrews*, 2013 IL 114445

---

| | |
|---|---|
| Caption in Supreme Court: | VC&M, LTD., d/b/a Re/Max Elite, Appellant, v. CINDY ANDREWS *et al.*, Appellees. |
| Docket No. | 114445 |
| Filed | June 20, 2013 |
| Held<br><br>(*Note: This syllabus constitutes no part of the opinion of the court but has been prepared by the Reporter of Decisions for the convenience of the reader.*) | Where a pilot project for electronic filing was implemented by local rules which did not, however, permit the e-filings made by plaintiff, although they were timely, her motion to reconsider judgment was not a nullity depriving the circuit court of jurisdiction to rule on it and did operate to extend the time for appeal, while her notice of appeal did not defeat appellate jurisdiction where the clerk created and maintained a parallel paper record of all e-filings, especially where, in each instance, the defense was not prejudiced. |
| Decision Under Review | Appeal from the Appellate Court for the Second District; heard in that court on appeal from the Circuit Court of Du Page County, the Hon. Bruce R. Kelsey, Judge, presiding. |
| Judgment | Certified questions answered.<br>Appellate court judgment reversed.<br>Cause remanded. |

Counsel on          Terry W. Huebner, of Hinsdale, for appellant.
Appeal

                    John P. McTigue, of Wheaton, for appellee Robert Andrews.


Justices            JUSTICE THEIS delivered the judgment of the court, with opinion.
                    Justices Freeman, Garman, and Burke concurred in the judgment and
                    opinion.
                    Justice Thomas dissented, with opinion, joined by Chief Justice Kilbride
                    and Justice Karmeier.

## OPINION

¶ 1     This appeal arises from two certified questions of importance from the appellate court, pursuant to Supreme Court Rule 316 (eff. Dec. 6, 2006)), following a judgment in the circuit court of Du Page County. The circuit court dismissed with prejudice an amended complaint by plaintiff, VC&M, Ltd., against defendants, Cindy Andrews and Robert Andrews, for failure to state a claim. The appellate court subsequently dismissed plaintiff's appeal for lack of jurisdiction after plaintiff violated the 18th Judicial Circuit's local rule prohibiting the electronic filing (e-filing) of certain motions and all notices of appeal. 2012 IL App (2d) 110523, ¶ 24. For the reasons that follow, we reverse the judgment of the appellate court dismissing the appeal for lack of jurisdiction and remand to the appellate court for further proceedings.

¶ 2                              BACKGROUND

¶ 3     On December 15, 2010, plaintiff filed a two-count amended complaint alleging breach of contract and account stated claims. Plaintiff alleged that on November 24, 2009, it entered into a contract with defendants to list their home in Hinsdale, Illinois, for sale at $1,350,000. On March 31, 2010, a prospective buyer submitted an offer to purchase the home for $1,126,000. Defendants rejected the offer and did not make a counteroffer. Instead, Cindy Andrews informed the listing agent employed by plaintiff that defendants would not be pursuing the offer because they were in the midst of a divorce and she intended to buy out Robert's interest in the home and remain living there herself. On April 6, 2010, the listing agreement expired.

¶ 4     A judgment for dissolution of marriage was subsequently entered in defendants' divorce case, which incorporated a marital settlement agreement. Concerning the marital home in Hinsdale, the settlement agreement provided that Cindy would buy out Robert's share of the home. For purposes of determining the interests of the parties in the property, defendants stipulated that the fair market value of the home was $1,126,005.

¶ 5        In count I of the amended complaint, plaintiff alleged breach of contract. Plaintiff sought payment of the real estate commission allegedly due and owing under the listing agreement based on the transfer of Robert's interest in the home to Cindy. In count II, plaintiff alleged that defendants had acknowledged that they owed the commission, which constituted an account stated under Illinois law.

¶ 6        Both defendants filed a motion to dismiss the amended complaint, arguing that it failed to state a claim under section 2-615 of the Code of Civil Procedure (735 ILCS 5/2-615 (West 2010)). Plaintiff e-filed its response to the motions to dismiss without objection. On February 23, 2011, following a hearing, the trial court granted defendants' motions to dismiss with prejudice.

¶ 7        On March 25, 2011, within 30 days of the dismissal order, plaintiff e-filed a motion to reconsider the trial court's order. On April 25, 2011, plaintiff filed a paper copy of the motion. At the hearing held the same day, defendants asserted that e-filing the motion to reconsider was improper, rendering the motion untimely, and the trial court consequently lacked jurisdiction to consider the motion. The trial court denied plaintiff's motion to reconsider on the merits without commenting on the manner in which the motion was filed.

¶ 8        On May 25, 2011, plaintiff e-filed its notice of appeal within 30 days of the denial of the postjudgment motion. During the pendency of the appeal, defendants filed a motion to dismiss for lack of jurisdiction.

¶ 9        The appellate court concluded that plaintiff improperly e-filed its motion to reconsider in violation of local rule 5.03 (18th Judicial Cir. Ct. R. 5.03(b) (eff. Jan. 2, 2007)). 2012 IL App (2d) 110523, ¶ 17. Therefore, the e-filed motion was a nullity and ineffective to toll the time for filing a notice of appeal. *Id.* The appellate court found that the untimely filing of a paper copy of the motion to reconsider did not extend the deadline for filing a notice of appeal. *Id*. The appellate court further held that plaintiff violated circuit court rule 5.03(d) (18th Judicial Cir. Ct. R. 5.03(d) (eff. Jan. 2, 2007)) by e-filing its notice of appeal, and noted that plaintiff never filed a paper copy. *Id*. ¶¶ 18, 19. The appellate court held that the clerk of the court's acceptance of a defective filing cannot confer jurisdiction on the court. *Id*. ¶ 21. For these reasons, the appellate court concluded that the appeal must be dismissed for lack of jurisdiction because it was untimely under Supreme Court Rule 303 (Ill. S. Ct. R. 303 (eff. May 30, 2008)). *Id*. ¶¶ 19, 25.

¶ 10       On its own motion, the appellate court issued a certificate of importance pursuant to Supreme Court Rule 316 (Ill. S. Ct. R. 316 (eff. Dec. 6, 2006)). The appellate court certified the following two issues for our consideration: (1) whether a postjudgment motion filed electronically in violation of a circuit court rule (18th Judicial Cir. Ct. R. 5.03 (eff. Jan. 2, 2007)) tolls the time for an appeal under Supreme Court Rule 303; and (2) whether local rule 5.03 prohibits the e-filing of a notice of appeal.

¶ 11                                    ANALYSIS

¶ 12                                       I

¶ 13       We first consider the question of whether plaintiff's e-filed motion to reconsider tolled the 30-day period for filing a notice of appeal under Supreme Court Rule 303(a). This issue

presents purely a question of law and our review proceeds *de novo*. *In re Estate of Boyar*, 2013 IL 113655, ¶ 27.

¶ 14 On October 22, 2003, this court approved the 18th Judicial Circuit, Du Page County, as a site for the implementation of an e-filing pilot project. Ill. S. Ct., M.R. 18368 (Oct. 22, 2003); see also 18th Judicial Cir. Ct. R. 5.01(a) (eff. Jan. 2, 2007). The e-filing program is intended to reduce by tens of thousands of pages the number of paper documents that are filed in our court system each year. This is intended to make our courts more efficient and easier to use. It is also designed to save costs for both litigants and the court system.

¶ 15 Supreme Court Rule 21(a) vests the circuit courts with the power to adopt local rules governing civil and criminal cases (1) so long as they do not conflict with supreme court rules or statutes, and (2) so far as practicable they are uniform throughout the state. Ill. S. Ct. R. 21(a) (eff. Dec. 1, 2008); see also *Vision Point of Sale, Inc. v. Haas*, 226 Ill. 2d 334, 357 (2007). As part of the pilot project, the 18th Judicial Circuit developed rules concerning e-filing. See 18th Judicial Cir. Ct. R. 5.01 *et seq.* (eff. Jan. 2, 2007).

¶ 16 Rule 5.03, at issue in this appeal, governs the designation of e-filing cases in the 18th Judicial Circuit and provides, in pertinent part:

> "(a) This Court hereby authorizes L (Law over $50,000) cases, AR (Arbitration), CH (Chancery), MR (Miscellaneous Remedies), D (Dissolution of Marriage) cases as permissible electronic filing case types. *** The Circuit Court Clerk shall direct the phasing in of initial implementation.
>
> (b) A permissive electronically filed case shall be designated an e-file case when a Plaintiff files a complaint electronically or a Defendant files an answer electronically or when all of the parties *** stipulate by written order to the submission of a pending case for inclusion in the e-filing program.
>
> (c) If a case's e-file status commences after the case has existed as a conventional paper file, the Clerk shall electronically duplicate the physical file and include it in the e-filing database. Thereafter the file shall be processed electronically pursuant to these rules." 18th Judicial Cir. Ct. R. 5.03 (eff. Jan. 2, 2007).

Local rule 5.03 was substantially amended by the circuit court subsequent to the appellate court's dismissal of this case. See 18th Judicial Cir. Ct. R. 5.03 (eff. Jan. 1, 2013). The current rule does not contain the language in rule 5.03(b) at issue here.

¶ 17 Under the local rule in effect at the time of the filing, the instant case, which was designated an arbitration case at the outset, was authorized for e-filing. The parties, however, never designated it as such by e-filing the complaint, e-filing the answer to the complaint, or stipulating to the submission of the case for inclusion in the e-filing program by written order. Nevertheless, plaintiff e-filed its response to defendants' motion to dismiss and subsequently e-filed its motions to reconsider and its notice of appeal. No objection was made by defendants at the time of the initial e-filing.

¶ 18 A notice of appeal must be filed with the clerk of the circuit court within 30 days after the entry of the final judgment or, if a timely postjudgment motion directed against the judgment is filed, within 30 days after the entry of the order disposing of the last pending postjudgment motion. Ill. S. Ct. R. 303(a)(1) (eff. May 30, 2008). Under section 2-1203(a)

-4-

of the Code of Civil Procedure (Code), which governs postjudgment motions in cases decided without a jury, "any party may, within 30 days after the entry of the judgment or within any further time the court may allow within the 30 days or any extensions thereof, file a motion for a rehearing, or a retrial, or modification of the judgment or to vacate the judgment or for other relief." 735 ILCS 5/2-1203(a) (West 2010). Section 2-620 of the Code further provides that "[t]he form and contents of motions, notices regarding the same, hearings on motions, and all other matters of procedure relative thereto, shall be according to rules." 735 ILCS 5/2-620 (West 2010).

¶ 19    Plaintiff does not dispute that it violated local rule 5.03, as this case was never designated an e-filing case. Plaintiff argues, however, that the e-filing of the motion to reconsider, accepted by the clerk of the circuit court, should be deemed valid for purposes of tolling the time for filing a notice of appeal under Supreme Court Rule 303(a).[1]

¶ 20    Neither defendants here, nor the appellate court below, cite any authority for the proposition that the failure to comply with a local court rule concerning the manner in which a motion is physically submitted to the trial court somehow constitutes a jurisdictional defect. Additionally, defendants do not claim they were prejudiced in any way by plaintiff e-filing the documents, or explain why they did not object to the initial e-filing by plaintiff of its response to defendants' motion to dismiss.

¶ 21    The cases relied upon by plaintiff do not inform our decision because they simply concern whether depositing a posttrial motion in the mail constitutes timely filing of the motion under the Code. See, *e.g.*, *Wilk v. Wilmorite, Inc.*, 349 Ill. App. 3d 880, 884 (2004). Plaintiff's suggestion that the clerk of the circuit court's acceptance of the electronic filing of the motion to reconsider excused its failure to follow the local rule in existence at the time of the filing is also wholly rejected.

¶ 22    We find the following three cases instructive to the issue before us in the first certified question. In *Ragan v. Columbia Mutual Insurance Co.*, 183 Ill. 2d 342 (1998), this court addressed the issue of the trial court's jurisdiction where the plaintiff failed to obtain leave of court to file an amended complaint, which added a claim for prejudgment interest. *Id*. at 353. After prejudgment interest was awarded, the defendant argued for the first time on appeal that the trial court lacked jurisdiction over the amended complaint because the plaintiff failed to obtain leave of court to file the amended complaint as required under the Code. *Id*. at 353-54. This court rejected the defendant's argument and reasoned that interpreting the failure to obtain leave to add a prayer for relief as a jurisdictional defect would frustrate the liberal pleading provisions in the Code aimed at doing justice between

[1]Plaintiff also claims that the circuit court by prohibiting certain documents from being filed electronically exceeds this court's mandate permitting e-filing in the circuit court. The order relied upon by plaintiff, however, directs the circuit court to implement the program in a manner consistent with this court's Policy for Implementation of an Electronic Filing Pilot Project in Illinois Courts. See Ill. S. Ct., M.R. 18368 (Oct. 22, 2003). Plaintiff fails to recognize that this policy specifically allows the circuit court to specify documents which may not be filed electronically. See Policy for Implementation of an Electronic Filing Pilot Project in Illinois Courts, Ill. S. Ct., M.R. 18368, at 3 (Jan. 1, 2003).

the parties despite technical defects in the pleadings. *Id*. at 354.

¶ 23   In *Besic v. Lattof Chevrolet, Inc.*, 2012 IL App (1st) 103185, the appellate court held that the plaintiff's filing of a posttrial motion without first seeking leave of court to file that motion, as required by Supreme Court Rule 287(b), did not rise to a jurisdictional defect and the trial court had jurisdiction to rule on the posttrial motion. *Besic*, 2012 IL App (1st) 103185, ¶¶ 2-3. In reaching this decision, the appellate court emphasized that the purpose of the supreme court rule at issue was to simplify procedures and reduce litigation costs, which would be frustrated by concluding that the error constituted a jurisdictional defect. *Id*. ¶ 3. Consequently, the appellate court remanded to allow the trial court to exercise its discretion in ruling on whether to allow the plaintiff's posttrial motion to be filed. *Id*. ¶ 4.

¶ 24   In *Cedzidlo v. Marriott International, Inc.*, 404 Ill. App. 3d 578 (2010), the defendants filed third-party complaints against a contractor without seeking the required leave of court. *Id*. at 579-80. The appellate court held that the defendants' procedural failure in doing so did not deprive the trial court of jurisdiction and render the filing a nullity. *Id*. at 583. Consequently, the appellate court remanded the cause of action for the trial court to determine whether the defendants should be granted leave to file their third-party complaints. *Id*. at 584.

¶ 25   In answering the first certified question, we conclude, similar to *Ragan*, *Besic*, and *Cedzidlo*, that plaintiff's procedural failure in initially e-filing its motion to reconsider before filing the paper copy did not render the initial filing a nullity, depriving the trial court of the ability to consider the motion, and failing to toll the time for filing a notice of appeal under Supreme Court Rule 303(a). Like the filings in *Ragan*, *Besic*, and *Cedzidlo*, which were made without the parties seeking the necessary leave of court, plaintiff's initial e-filing of the motion to reconsider without the required written order under local rule 5.03(b) did not deprive the trial court of jurisdiction to consider the motion. Moreover, interpreting the initial filing as a nullity, particularly in a case where defendants claim no prejudice and did not object to the earlier e-filing by plaintiff, would frustrate the purpose of the e-filing program, which is designed to reduce the use of paper and make our court system more efficient and easier to use.

¶ 26   Plaintiff's failure to comply with the local rules concerning e-filing was not an inconsequential matter. We do not condone it. Like supreme court rules, local court rules are meant to be followed, as written, and are not mere suggestions or guidelines from which deviations may be made by the litigants. As such, this court has recognized that a trial court has the discretion to impose sanctions on a party for an abuse of procedural rules. See, *e.g.*, *Sander v. Dow Chemical Co.*, 166 Ill. 2d 48, 65 (1995). In acknowledging this authority, we have emphasized the trial court's inherent authority to control matters before it as necessary to prevent undue delays or disruption in the disposition of cases on its docket. *Id*. at 66. We have further explained that the purpose of imposing sanctions by the trial court is to coerce compliance with court rules and orders, and not to punish the dilatory party. *Id*. at 68. Similarly, this court has recognized that the appellate court, in its discretion, has the authority to sanction a party for violating a court rule. See, *e.g.*, *In re Detention of Powell*, 217 Ill. 2d 123, 132 (2005) (citing *Moomaw v. Mentor H/S, Inc.*, 313 Ill. App. 3d 1031, 1035 (2000)).

¶ 27    In this case, plaintiff's violation of local rule 5.03(b) was fully brought to the trial court's attention by defendants at the postjudgment hearing on the motion to reconsider. Defendants did not claim any prejudice by the e-filing of the motion. The trial court had the opportunity at the hearing to exercise its discretion in determining whether to sanction plaintiff for the local rule violation. Instead, the trial court chose to consider plaintiff's motion on its merits, which the court had the discretion to do.

¶ 28                                              II

¶ 29    We now turn to the appellate court's second certified question: whether local rule 5.03 prohibits the e-filing of a notice of appeal.

¶ 30    Court rules are interpreted under the same principles that guide our construction of statutes. *Robidoux v. Oliphant*, 201 Ill. 2d 324, 332 (2002). "As in the case with statutes, our primary task in construing a rule is to ascertain and give effect to the intent of its drafters." *Id*. The most reliable indicator of intent is the language used in the rule itself, which should be given its plain and ordinary meaning. *Id*. Where the language of a rule is clear and unambiguous, we must apply it as written, without resort to extrinsic aids to statutory construction. *People v. Roberts*, 214 Ill. 2d 106, 116 (2005). The construction of a rule is a question of law and is reviewed *de novo*. *Robidoux*, 201 Ill. 2d at 332.

¶ 31    Rule 5.03(d) provides that "[a]ll appellate and postjudgment enforcement proceeding documents and notices shall be filed and served in the conventional manner and not by means of e-filing." 18th Judicial Cir. Ct. R. 5.03(d) (eff. Jan. 2, 2007). Rule 504(a) states that the conventional manner of filing in the circuit court is in the form of paper documents with the clerk of the court, as is done in cases that are not e-file cases. 18th Judicial Cir. Ct. R. 5.04(a) (eff. Jan. 2, 2007).

¶ 32    We find no ambiguity in the provision that "[a]ll appellate and post-judgment enforcement proceeding documents and notices" are to be filed and served in the form of paper documents and not by means of e-filing. Plaintiff contends that the term "appellate document" does not include a notice of appeal because the notice is to be filed with the clerk of the circuit court. We disagree. Plaintiff was appealing a final judgment from the trial court, and its notice of appeal was directed against that final judgment. Consequently, in answering the second certified question, we conclude, under the plain language of Rule 5.03(d), even if plaintiff had permission to e-file in this case, it was prohibited from e-filing its notice of appeal.[2]

¶ 33    Although plaintiff never filed the paper copy of the notice of appeal, as required under rule 5.03(d), which is no longer in existence, we note that rule 5.07(c) specifically provides that during the pilot project the clerk of the court "shall create and maintain a paper copy of all e-filings in a parallel manual court file." 18th Judicial Cir. Ct. R. 5.07(c) (eff. Jan. 2, 2007). It is well settled that where the deficiency in the notice of appeal is one of form only

---

[2]Following the recent amendment, Rule 5.03(b) now provides that "[a]ny notice of appeal and post-judgment enforcement proceeding documents may be e-filed and served in accordance with Supreme Court Rules." 18th Judicial Cir. Ct. R. 5.03(b) (eff. Jan. 1, 2013).

and not of substance, the appellate court is not deprived of jurisdiction. See, *e.g.*, *Burtell v. First Charter Service Corp.*, 76 Ill. 2d 427, 434 (1979). We find the e-filed notice of appeal, although improperly filed, sufficient to confer jurisdiction, particularly because a backup paper copy was required to be maintained in a parallel manual court file in the circuit court. It is also undisputed that defendants were advised of the nature of the appeal and have not argued that they suffered any prejudice by plaintiff e-filing the notice of appeal.

¶ 34    Having determined that the appellate court had jurisdiction over this appeal, we remand to the appellate court for further proceedings.

¶ 35                                CONCLUSION

¶ 36    For the foregoing reasons, we reverse the judgment of the appellate court, which dismissed plaintiff's appeal for lack of jurisdiction, and remand to the appellate court for further proceedings consistent with this opinion.

¶ 37    Certified questions answered.

¶ 38    Appellate court judgment reversed.

¶ 39    Cause remanded.

¶ 40    JUSTICE THOMAS, dissenting:

¶ 41    The majority reverses the appellate court's determination that jurisdiction was lacking over plaintiff's appeal. I disagree with the majority's conclusion and analysis. I therefore dissent.

¶ 42    This case turns on a straightforward application of the rules involving the timely filing of notices of appeal along with application of a local rule of the 18th Judicial Circuit for implementing the pilot program for the electronic filing of documents. Subsection (b) of the local rule at issue provides that a "permissive electronically filed case," such as the one involved here, shall be designated an e-file case when any one of the following three circumstances occurs: "a Plaintiff files a complaint electronically or a Defendant files an answer electronically or when all of the parties *** stipulate by written order to the submission of a pending case for inclusion in the e-filing program." 18th Judicial Cir. Ct. R. 5.03(b) (eff. Jan. 2, 2007). Here, it is undisputed that none of the three listed circumstances occurred. Therefore, the case was never designated an e-filed case and thus there was no legal authority that would allow the electronic filing of the documents in question in this case. Moreover, subsection (d) of the same rule provides that "[a]ll appellate and post-judgment enforcement proceeding documents and notices shall be filed and served in the conventional manner and not by means of e-filing." 18th Judicial Cir. Ct. R. 5.03(d) (eff. Jan. 2, 2007). "Conventional manner" means "[t]he filing of paper documents with the Clerk, as is done in cases that are not e-file cases." 18th Judicial Cir. Ct. R. 5.04(a) (eff. Jan. 2, 2007). Nonetheless, plaintiff filed electronically both its motion to reconsider and its notice of appeal in complete disregard of rule 5.03.

¶ 43    Supreme Court Rule 303(a) governs the timing of an appeal from a final judgment of the

-8-

circuit court. Rule 303(a)(1) provides that a notice of appeal must be filed within 30 days after the entry of the final judgment from which the appeal is taken, or, if a timely posttrial motion directed against the judgment is filed, within 30 days after entry of the order disposing of the last pending posttrial motion. Ill. S. Ct. R. 303(a)(1) (eff. May 30, 2008). Under section 2-1203 of the Code of Civil Procedure, a posttrial motion must be filed within 30 days of the trial court's judgment. 735 ILCS 5/2-1203 (West 2010). Otherwise, the trial court will lose jurisdiction to modify or vacate the final order that it entered after the lapse of 30 days. *Archer Daniels Midland Co. v. Barth*, 103 Ill. 2d 536, 539 (1984); *Lajato v. AT&T, Inc.*, 283 Ill. App. 3d 126, 131 (1996). A motion to reconsider is a posttrial motion and therefore "falls within the purview of post-judgment motions which must be filed within 30 days after the challenged judgment is entered." (Internal quotation marks omitted.) *Lajato*, 283 Ill. App. 3d at 132. The time for filing the notice of appeal under Rule 303(a) will be extended only if a posttrial motion is timely filed under section 2-1203. *Id.*

¶ 44 Here, the trial court dismissed with prejudice plaintiff's amended complaint on February 23, 2011. The record shows that plaintiff e-filed a motion to reconsider the dismissal 30 days later on March 25, 2011. However, the e-filing of the motion to reconsider was a nullity because the case was never designated as an e-filed case. Thus, this case was just like any other conventional case filed in the court system in the State of Illinois and required the filing of a paper copy of the motion to reconsider. The paper copy of the motion to reconsider was not filed until April 25, 2011, some 60 days after the circuit court's judgment, and therefore was untimely. Accordingly, the circuit court lost jurisdiction to entertain a postjudgment motion after 30 days passed from the circuit court's February 23, 2011, judgment.

¶ 45 As the appellate court explained,

> "The untimely filing of the hard copy of the motion to reconsider did not extend the deadline for filing a notice of appeal. Because the action was not properly designated for e-filing from the beginning, the e-filed postjudgment motion was meaningless and the hard-copy postjudgment motion was filed late." 2012 IL App (2d) 110523, ¶ 17.

I agree with the appellate court's assessment. Because plaintiff's postjudgment paper motion filed 60 days after the judgment was not timely, the circuit court lacked jurisdiction to entertain the motion and the appellate court lacked jurisdiction over the appeal because the notice of appeal was not timely filed either.

¶ 46 The majority places significant emphasis on the fact that defendant did not object to plaintiff's e-filed response to defendant's motion to dismiss. But this fact is irrelevant to the analysis for two reasons. First, it was not the registering of an objection by defendant that would keep the case from being designated an e-filed case; but instead, all defendant had to do to keep the case from being an e-filed case at that stage was to avoid any agreement for inclusion of the case in the e-filing program. See 18th Judicial Cir. Ct. R. 5.03(b) (eff. Jan. 2, 2007). Defendant certainly accomplished that task, as no agreement was given, and in fact an agreement from defendant was not even sought. Second, the particular document the majority refers to—the response to the motion to dismiss—had no jurisdictional ramifications, as it was not subject to the same jurisdictional timing rules involving the motion to reconsider and notice of appeal discussed above. Thus, it was clearly not necessary

that defendant object to the e-filed response to the motion to dismiss in order to raise the jurisdictional problems that later arose from failing to file a timely paper copy of the motion to reconsider. Also it should go without saying that it is always the duty of a court to examine its own jurisdiction irrespective of whether a party raises it. Yet in this case defendant *did object* to the e-filing of the motion to reconsider. But this still did not prevent plaintiff from persisting in e-filing its notice of appeal 30 days later instead of filing a paper copy.

¶ 47 The majority also faults defendant for not citing "any authority" for the proposition that not physically filing a hard copy of a motion to reconsider or a notice of appeal constitutes a jurisdictional defect. *Supra* ¶ 20. But in my opinion defendant's proposition is axiomatic and is governed by the plain language of Supreme Court Rule 303(a)(1), which requires the timely filing of all motions directed against a judgment and notices of appeal, not the electronic filing, at least not without some legal authority allowing the e-filing. Here, there was nothing to allow the e-filing of the motion to reconsider at the time in question, and thus the conventional paper method of filing that document was required.

¶ 48 By order, this court approved the 18th Judicial Circuit as the site for the initial implementation of the e-filing project. 18th Judicial Cir. Ct. R. 5.01(a) (eff. Jan. 2, 2007). This was a new "pilot project" in the 18th Judicial Circuit and did not extend statewide, so it should come as no surprise that defendant would not be able to cite case law directly on point holding that a plaintiff's utter disregard for the local rule implementing the pilot program, combined with application of Rule 303(a)(1), may amount to a jurisdictional defect. I would also observe that lack of prejudice has never been a valid reason for excusing an actual jurisdictional defect (see, *e.g.*, *Browning-Ferris Industries of Illinois, Inc. v. Pollution Control Board*, 162 Ill. App. 3d 801, 804-05 (1987)), and the majority fails to cite any authority to the contrary.

¶ 49 The cases relied upon by the majority for its conclusion that the e-filing of the motion to reconsider was not a nullity are in my opinion not analogous to the present situation. See *Ragan v. Columbia Mutual Insurance Co.*, 183 Ill. 2d 342 (1998); *Besic v. Lattof Chevrolet, Inc.*, 2012 IL App (1st) 103185; *Cedzidlo v. Marriott International, Inc.*, 404 Ill. App. 3d 578 (2010). Those cases all involved the failure to seek *leave of court* before filing a pleading or motion. The question of electronically filing a motion to reconsider in a case not designated as an e-filing case for inclusion in the e-filing pilot program was not considered. Furthermore, the parties involved in those cases all timely filed an actual paper document of their respective motions or pleadings. Thus, those cases are not controlling given the circumstances here.

¶ 50 *Burtell v. First Charter Service Corp.*, 76 Ill. 2d 427 (1979), also relied upon by the majority, is likewise not persuasive to control the outcome here. That case simply looked at whether the content of a timely filed hard copy of a notice of appeal was sufficient to confer jurisdiction on the reviewing court to consider the propriety of a preliminary judgment not specified in the notice of appeal itself. The court held that an unspecified judgment is reviewable if it is a step in the procedural progression leading to the judgment specified in the notice of appeal. *Burtell*, 76 Ill. 2d at 435-36. Obviously, *Burtell* does not touch on the situation presented in this case.

¶ 51    I recognize, as the appellate court did, that the e-filing program has been implemented and authorized "to minimize paper use and make the court system more efficient and easier to use." 2012 IL App (2d) 110523, ¶ 22. "However, these benefits do not justify plaintiff's blatant disregard of supreme court rules and local rules governing e-filing. The pilot e-filing system in the circuit court might be the future of document management, but plaintiff must adhere to the rules in effect [at the time his various motions and notices were due]." *Id*. This is not meant as a criticism of this court's decision to facilitate the use of electronic filing throughout the Illinois court system. To the contrary, we should encourage the thoughtful expansion of electronic access to Illinois courts. But, in our desire to improve efficiency and access, we should not ignore existing supreme court rules and local rules governing access to the courts or otherwise permit litigants to circumvent those rules.

¶ 52    Under the majority's analysis, parties may now disregard local court rules and can even file any document electronically in any judicial circuit in the state and there will never be any jurisdictional consequences. The party deciding to improperly file a document electronically would only be subject to sanctions that the circuit court might or might not decide in its discretion to impose. For all of the foregoing reasons, I cannot join this view.


¶ 53    CHIEF JUSTICE KILBRIDE and JUSTICE KARMEIER join in this dissent.